# Cobb *v.* Malone & Collins.

*Action by Mortgagee against Purchaser, for Conversion of Mortgaged Property.*

1. *Appeal from order granting or refusing new trial; what is revisable.* When an appeal is taken from an order granting a new trial, as now authorized by statute (Sess. Acts 1890-91, p. 779), the only matter revisable is the correctness of the order; but, when the motion for a new trial is overruled, and the decision duly excepted to, an appeal may be taken from that order alone, and its correctness presented for revision, or from the final judgment in the cause, as in other cases, presenting for revision the refusal of a new trial in addition to the other rulings.

2. *Same; assignments of error.*—When the motion for a new trial is based on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, the substance of which is reduced to writing, a general assignment of error—that the court erred in granting or refusing the new trial, as the case may be—is sufficient; but, when the motion is based on the ground that

[Cobb v. Malone & Collins.]

the verdict is contrary to the law, or that errors of law occurred during the trial, the errors must be specifically pointed out, and a general assignment will be disregarded.

3. *Same; how considered and revised.*—On appeal in such cases, this court will not reverse an order granting a new trial, "unless the evidence plainly and palpably supports the verdict;" and it will not reverse an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, "unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, A. A. Cobb, against the appellees, Malone & Collins; and sought to recover damages for the alleged wrongful conversion by the defendants of one bale of cotton, upon which the plaintiff alleged he had a lien. Upon the trial of the case, as is shown by the bill of exceptions, the plaintiff based his claim to the cotton, alleged to have been converted by the defendants, upon the ground that he had taken a mortgage from one Crutchfield to secure his indebtedness to plaintiff for advances made to him for the purpose of making a crop; that in said mortgage said Crutchfield mortgaged to the plaintiff all the crops he would make during the current year of 1887; that some time in August or September, the defendants, with the knowledge of the lien created in favor of the plaintiff, by the giving of said mortgage, bought from Crutchfield the one bale of cotton in controversy; and hence plaintiff's claim for damages. The defendants' evidence went to show that, after the sale of the said bale of cotton by Crutchfield to them, the plaintiff agreed, that, if Crutchfield would give him a mortgage on certain oxen and a wagon, he would dismiss this suit against the defendants. The plaintiff, on rebuttal, testified that this agreement was not made, and denied the contention of the defendants. This constituted the controverted fact, as shown by the bill of exceptions. The bill of exceptions then recites, "Thereupon the case was given to the jury, who returned a verdict for the defendants." A motion for a new trial was made by the plaintiff, on the grounds as recited in the opinion of this court. This motion was refused; and on this appeal the plaintiff assigns the refusal to grant said motion as error.

M. E. and F. J. MILLIGAN, for appellant.

No counsel marked for appellees.

CLOPTON, J.—The act of February 16, 1891, "to allow appeals to the Supreme Court from decisions of the City

92 630
123 208
f124 311
124 434

92 630
128 676

92 630
129 286
129 287
f129 305

92 630
131 424
131 425

92 630
o132 307
133 539

92 630
o136 470

92 630
140 316

92 630
139 201

92 630
141 334
141 555

92 630
143 192
143 374
f143 399

92 630
144 279
f144 360
144 392

[Cobb v. Malone & Collins.]

and Circuit Courts in this State, granting or refusing to grant motions for new trials," was intended to abrogate the rule, which has prevailed from the organization of the court, that the grant or refusal of a new trial is not revisable, and could not be assigned for error; and to lay the foundation for a review of the facts by appeal from the order on the motion for a new trial. The present appeal is taken directly from the decision of the court refusing to grant a new trial. The reasons stated in the motion are: "1. That the verdict of the jury was contrary to the evidence and the law of the case. 2. Said verdict was contrary to the charge of the court."

As the statute introduces a new practice in this State, and as this is the first appeal under it which has come before us, the occasion is opportune to consider its general effect and operation, and to lay down some general rule for the government of the court, though in so doing we may go beyond the necessities of this case. To a better understanding of its provisions, we quote the statute in full. "Whenever a motion for a new trial shall be granted or refused, by any of the Circuit or City Courts of this State, in any civil case at law, either party may except to the decision of the court, and may reduce to writing the reasons offered for said new trial, together with the substance of the evidence in the case, and also the decision of the court on said motion; and it shall be the duty of the judge before whom said motion is made, to allow and sign the same; and such bill of exceptions shall be a part of the record in the cause, and it may embrace the judgment and motion or other matters of record; and it shall be lawful for the appellant, in such cause, to assign for error that the judge in the court below improperly granted, or refused to grant a new trial therein; and the Supreme Court shall have power to grant new trials, or to correct any errors of the Circuit or City Court in granting or refusing the same."—Acts 1890-91, 779.

The enactment, itself, does not provide in express terms for appeals in such cases, but such is the clear implication. Where the motion for a new trial is granted, the judgment is set aside, and the appeal can only be taken from the decision on the motion; but when refused, the appeal may be taken from the order on the motion; thereby bringing for revision only those matters on which a motion for a new trial is usually, and may be properly based; or the appeal may be taken from the final judgment, and on incorporating in the bill of exceptions the motion, the reasons therefor, and the decision thereon, the appellant may assign for error the refusal to grant the same, in addition to such assignments of error as were allowed under the former practice.

[Cobb v. Malone & Collins.]

Under the statute, the reasons offered for a new trial may be stated in the motion itself.    When the ground of the motion is the insufficiency of the evidence to support the verdict, or that it is contrary to the evidence, the substance of which is reduced to writing, a general assignment is sufficient.    But, when the reason is, that the verdict is contrary to the law, or that errors of law occurred during the trial, a general assignment will be disregarded; the respects in which the verdict is contrary to law, or the errors of law complained of, should be specified, so as to direct the court's attention to the alleged erroneous rulings.—2 Thompson on Trials, §§ 2754–5.    No charge of the court being shown, and no question of law presented, by the record in the present case, consideration will be necessarily confined to the ground that the verdict is contrary to the evidence; and what we shall hereafter say must be understood as applicable when this is the ground of the motion for a new trial.

The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some States it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made.    The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occurs. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind, that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct.    It has been said, that no ground of new trial is more carefully scrutinized or more rigidly limited, than that the verdict is against the evidence.—Hilliard on New Trials, 339.    The power should be exercised, only, when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury.    If these be the principles by which the trial court should be governed, they apply with much more force to the exercise of the power by an appellate court.    When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened.    He is selected because of his legal learning, sound judgment, and the confidence of the public in his impartiality, and the courage of his convictions of right and justice.    He

has heard and seen the witnesses testify, observed their tone and demeanor, and noticed their candor, or convenient failure of memory, to avoid impeachment, or for other improper purpose. The appellate court, possessing none of these aids and advantages, and receiving the evidence on paper only, is less qualified to determine what evidence is unworthy of belief, or what weight should be given to that which has been rejected by the jury, and may give undue weight to the testimony of some of the witnesses. Doubtless in view of these considerations, the power to grant new trials, or to correct errors of the Circuit or City Court in granting or refusing to grant the same, is conferred by the statute upon this court, in general terms; no rules, by which it shall be governed, are prescribed—leaving the power to be exercised in accordance with well recognized usages and rules in such cases, and in the mode in which, in the judgment of the court, the ends of justice will be best subserved.

Fortunately, we enjoy the experience of other appellate courts, which exercise the power to grant new trials with or without statutory authority. The rules by which the courts have been governed in the following States, respectively, are stated thus: In Arkansas: "The rule laid down by this court, and to which we will adhere, is that the verdict must not only be against the weight of the evidence, but so much so as, at first blush, to shock our sense of justice and right."—*Brennan v. Brown*, 5 Eng. 138. In Tennessee: "We adhere to, and again announce the principle, as familiar from frequent repetition as it is obviously correct, that we will set aside verdicts approved by the circuit court in those cases only where the weight of the testimony against the verdict greatly preponderates."—*Yarbrough v. Abernathy*, 1 Meigs, 413. In Georgia: "The court will, although with great carefulness, and only in cases of manifest and flagrant injustice, set aside a verdict when there is confessedly some evidence to sustain it."—*Hall v. Page*, 4 Ga. 428. In Mississippi: "To authorize the high court to reverse a judgment for mere error in the verdict which the court below refused to disturb, the error must be clear. Every presumption is to be indulged in favor of the verdict."—*Peck v. Thompson*, 23 Miss. 367. In Minnesota: "But, if upon a careful perusal of the testimony, and upon mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we should then deem it our duty to reverse an order granting a new trial."—*Hicks v. Stone*, 13 Minn. 434. The foregoing extracts are made, not for the purpose of approval or adoption of the rules announced therein, but to show the

[Cobb v. Malone & Collins.]

caution and reluctance with which appellate courts interfere to control the discretion of the trial court in granting or refusing new trials, and to aid us, by the result of their experience, to lay down a rule salutary and conservative, and at the same time carrying into effect the purposes of the statute.

Turning to our own decisions, we find precedents in analogous cases. Prior to the statutes requiring this court to indulge no presumption in favor of the ruling of the trial court, the rules by which this court was governed in deciding appeals involving a revision of the findings of fact, are formulated in *Nooe v. Garner*, 70 Ala. 443, as follows : "When the case is properly triable before the court, as in chancery causes, but is tried on testimony reduced to writing; not examined in the presence of the court, a finding thus rendered will be presumed to be correct, and will not be reversed in this court, unless there is a decided preponderance of evidence against the conclusion he attained. When the law authorized the disputed question to be tried, and it is tried, by the court without a jury, on testimony given *viva voce* in the presence of the court; in such cases, the rule is, not to reverse the finding, unless it is so manifestly against the evidence, that a judge at *nisi prius* would set aside the verdict of a jury, rendered on the same testimony." These rules, especially the last, are analogous, and furnish precedents, which are familiar to the profession, and may be substantially adopted and followed on appeals from the decision of the court refusing to grant a new trial.

When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial; no court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But, when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court, as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed,

unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible; but subject to exceptions and qualifications, dependent upon peculiar circumstances.

In the present case, the controverted question of fact was, whether plaintiff accepted and received a second mortgage in satisfaction of his cause of action, being the conversion of a bale of cotton. As to this question the evidence was conflicting. Its weight, and the credibility of the witnesses, were passed on by the jury, and a verdict returned for defendants. The presiding judge approved, or was satisfied with the verdict. The utmost that can be said is, that it is against the preponderance of the evidence. Under the rule laid down, we can not interfere and control his discretion.

Affirmed.