# Loan Company of Ala. *v.* Deans.

*Action for Breach of Written Contract for Procuring Loan.*

1. *Contract for procuring loan on mortgage; action for agreed compensation.*—Under a written contract by which plaintiff undertook to procure for defendant a loan of money on mortgage, "upon the usual conditions exacted by Eastern money-lenders as to security, perfecting titles," &c., and defendant promised to pay specified commissions on the loan, or a named sum as compensation for services rendered, "if from any cause unable or unwilling to carry out the provisions of this contract;" defendant having refused to sign the mortgage prepared for her signature, because it contained a provision limiting the cutting of timber on the land except "for ordinary and necessary purposes," whereas she wanted to use the money in erecting a saw-mill for the purpose of utilizing the timber ; *held*, in an action to recover the agreed compensation, that the plaintiff was entitled to a verdict, on evidence showing that defendant did not give notice of the intended use of the money, but on the contrary, in answer to a specific question as to the purpose for which it was to be used, stated that it was "for the education of her children and for general improvement."

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by the Loan Company of Alabama, a domestic corporation, against Mrs. Sarah A. Deans, to recover agreed compensation for plaintiff's services in procuring a loan of money on mortgage of lands for defendant, which was never consummated because she refused to sign the mortgage which plaintiff had prepared for her signature. The contract between the parties was in writing. Its material stipulations are stated in the opinion of the court. Under the charges of the court below, the jury returned a verdict for the defendant. The plaintiff moved for a new trial, on the ground that the verdict was contrary to the evidence ; and reserved an exception to the overruling and refusal of the motion. The judgment on the motion for a new trial is now assigned as error.

M. L. STANSEL, for appellant.

D. C. HODO, *contra.*

PER CURIAM.—The following opinion was prepared by the late Justice CLOPTON shortly before his death, and is adopted by the court.

[Loan Company of Ala. v. Deans.]

"The complaint counts on an agreement entered into September 14, 1889, between the Loan Company of Alabama and Mrs. Sarah A. Deans, whereby the company undertook to negotiate a loan for Mrs. Deans for the sum of $2,225.00, for a term of five years, with interest at eight per cent. *per annum*, upon a note and mortgage on her farm lands in Pickens county, Alabama, 'upon the usual conditions exacted by Eastern money-lenders, as to security, perfecting titles, insurance and so forth,' within thirty days after receipt of complete abstract of title. Mrs. Deans agreed to pay the company $166.87 cash commissions, and, 'if unable or unwilling to carry out the provisions of the contract,' she agreed to pay the company one hundred dollars in cash for services rendered by the company. There were other stipulations, but they are immaterial, not bearing on the issues of this case. The complaint avers specifically performance of all the provisions of the contract on the part of the company, and the inability or unwillingness of Mrs. Deans to carry out the provisions. The action is brought by the company to recover the one hundred dollars agreed to be paid for services in negotiating the loan, the defendant failing to carry out the contract. The defense is rested on two pleas; the general issue, and a special plea averring, in substance, that plaintiff, knowing that the loan was asked for with the distinct agreement that the money was to be used in the erection of a saw-mill for the purpose of converting the timber into lumber for sale, prepared and sent to defendant a mortgage containing a clause restraining her from ·cutting the timber for such use. A verdict was returned, and judgment rendered for defendant. The appeal is taken from the refusal of the court to grant a new trial.

"The evidence clearly shows that plaintiff negotiated the loan with the Land Mortgage Investment and Agency Company of America, Limited, within thirty days after the abstract of title was furnished, and prepared and sent to defendant for execution notes and mortgages containing the usual terms, conditions and provisions, required by Eastern money-lenders—a full performance of the provisions of the contract on the part of plaintiff. Defendant returned the notes and mortgage without execution, her refusal to sign the mortgage being based on certain specific provisions therein contained, but not on the ground ·that they were unusual in such mortgages. As to these facts there is no dispute or conflict in the evidence. Plaintiff, having satisfactorily proved them, and it being admitted that the Land Mortgage Investment and Agency Company had complied with the require-

[Loan Company of Ala. v. Deans.]

ments of the Constitution, and of the statute, in having a known place of business in this State and an authorized agent therein, is manifestly entitled to a verdict, unless defendant has established the truth of her special plea.

"The application for the loan contained the following question : 'For what purpose is the money on this loan to be used?' The blank in the application for the insertion of the answer was filled by defendant, in her own hand-writing, as follows : 'For the education of children, and for general improvement.' The clause in the mortgage objected to is, 'and especially permit no cutting of timber except for necessary and ordinary purposes, or requirements of the farm.' True, R. B. Deans, the son of defendant, testifies that the money obtained by the loan was to be used for the erection of a saw-mill to cut timber from the place into lumber; but he also testifies that he was present when the application for the loan was made, and had no knowledge that any notice was given to plaintiff, or to its local correspondent, Hinton, as to how defendant wanted to use the money, or that a saw-mill was to be erected ; and Hinton testifies that the first information he had about erecting a saw-mill was after this suit was brought, and that he knew nothing of what defendant intended doing with the money, except as stated in her application for the loan. This is all the evidence on the subject. It may be that defendant wanted the money and intended to use it in the erection of a saw-mill; but such was not the representation to plaintiff. Had defendant stated to plaintiff, or its agent, her intention to use the money in the erection of a saw-mill, she would have been justified in refusing to execute a mortgage containing a clause prohibiting her from cutting timber on the lands except for necessary and ordinary purposes, or the requirements of the farm. But there is an absence of evidence that plaintiff had notice of the intended use of the money, and the statement in the application is, that it was 'for the education of children and general improvement.' This representation authorized the insertion of the usual provisions against cutting timber except for certain purposes. There is not only no evidence tending, even remotely, to establish the truth of the special plea, but its truth is positively disproved. The preponderance of the evidence against the verdict is so decided as to clearly convince us that it is wrong and unjust.—*Cobb v. Malone*, 9 So. Rep. 738 ; 92 Ala. 630. In fact, the verdict is contrary to all the evidence ; there is none tending to support it. The court would have been justified in giving the affirmative charge for plaintiff on the issues joined. A new trial should have been granted on the first ground stated in the motion.

[Higgins v. Board of Trustees of University of Alabama.]

"We must decline to consider the other two grounds; they are not stated fully and clearly enough to enable us to pass intelligently on their merits."

Reversed, and judgment that a new trial be granted.