# Cotton v. Barnett.

*Action of Detinue; Motion for New Trial.*

1. *New trial; when grant of not disturbed.*—Where a motion for new trial is granted and it is manifest that the evidence in the cause does not plainly and palpably support the verdict, the action of the trial court in granting the motion will not be disturbed.

APPEAL from Geneva Circuit Court.

Tried before Hon. J. W. FOSTER.

This was an action of detinue by N. C. Cotton against Barnett for the recovery of a horse, and damages for its detention. Verdict for plaintiff. New trial granted and appeal from the judgment granting it. The facts are stated in the opinion.

P. N. HICKMAN, for appellant, cited, 113 Ala. 495; *Taylor v. Corley*, 113 Ala. 586; *Winter v. Loeb*, 106 Ala. 261; *Malone v. Cobb*, 92 Ala. 630; *Clark v. Pope*, 10 So. Rep. 586.

[Cotton v. Barnett.]

J. J. MORRIS, *contra.*
No brief.

HARALSON, J.—Three witnesses were examined by the plaintiff, Avin Cotton, the husband of the plaintiff, A. B. Cotton, her son, and W. K. Kenan. The evidence of the first two was substantially the same. The husband testified that the horse was worth from $100 to $125, and the son, that he was worth $100. They both testified that the animal was worth for hire, one dollar a day, or $190, for the 190 days he was detained by defendant. Kenan testified, that the market value of the horse was not exceeding $45, and that the value of his use or hire, was from $12 to $15 a year; that the hire of a livery stable horse in Geneva, where this animal was kept by defendant during his detention, was a dollar a day, but that such horses are not on the road all the while, and it was expensive to keep them in proper condition for such service, and one could not afford to hire them, when called for, for less than that price, but that the fair value of the hire of a horse like the one in question for farm purposes, was $12 or $15 a year. The other two witnesses evidently fixed their value for the use or hire of the animal, by the prevailing price for livery horses in the town of Geneva. The evidence tended to show that the plaintiff lived in the country some eighteen miles from Geneva. This was all the evidence and the jury returned a verdict for $55.

If the horse was worth only $45, as the evidence tends to show, and the estimate of a dollar a day for his hire, as testified by the husband and son of plaintiff were correct, in a year he would yield the owner $365, or eight times his value, and a little over. This would make the ownership and hiring of horses an enormously profitable business, out of all proportion in the yield of profit, with any other ordinary legitimate business. Both of these witnesses deposed they did not know the value of the hire of horses on a farm, and were evidently swearing to values of livery horses in the town of Geneva when they are let for hire by a livery stable. Moreover, their kinship to plaintiff, and the substance of their evidence lead to the belief that they were prejudiced in plaintiff's

28

[Miller, Admr. *et al.* v. Mayer, Admr.]

favor. It is difficult to conceive on what basis the jury rendered their verdict. It was not according to the evidence of the two Cottons, else it would have been for $190. It was not according to plaintiff's other witness, Kenan, else taking his highest estimate of hire—$15 a year, or $1.25 per month—they could not have found for more than about $8.50 for the 190 days' detention. If it was a compromise verdict as the reasonable supposition is it was, the basis on which it was settled is so obscure as to surpass comprehension. It is most manifest, "the evidence does not plainly and palpably support the vervict," as it should do, to authorize a reversal of the judgment of the court granting a new trial. The witnesses were before the trial judge, he saw their manner in delivering their testimony, and there was no invasion of the proper rule in such cases, in granting a motion for a new trial.—*Cobb v. Malone*, 92 Ala. 630.

Affirmed.