# Killian *v.* Killian.

*New Trial.*

(Decided Dec. 1, 1910.  53 South. 1005.)

*New Trial; Discretion of Court; Review.*—A trial court has some discretion in the matter of granting a new trial, the exercise of which will not be reviewed by the appellant court, and will not be disturbed unless clearly erroneous, notwithstanding the statute allowing appeals from and review of the action of the trial court in granting or refusing new trial.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

W. E. Killian had a judgment against Kenneth Killian and from an order granting a new trial in said case he appeals. Affirmed.

HOWARD & HUNT, for appellant. The evidence was merely cumulative and no diligence was shown by the defendant in procuring the testimony, and hence, new trial should not have been granted for this reason.— *Knight Co. v. Umbenhauer,* 107 Ala. 496; *McLeod v. Shelley Co.,* 108 Ala. 81; *Simpson v. Golden,* 114 Ala. 326. The court erred in granting a new trial on account of written charges.—27 A. & E. Enc. of Law, pp. 423, 436 and 444, with note.

GOODHUE & BLACKWOOD, for appellee. The appeal is not under section 2646, Code 1907, but is an appeal from a judgment in favor of the plaintiff, as is shown by the security of costs and appeal taken.—*Henry v. Couch,* 132 Ala. 570. In any event, the action of the court will not be disturbed.—*Merrill v. Brantley,* 133 Ala. 538.

MAYFIELD, J.—Appellant obtained a judgment against appellee in the court below, and on motion of the appellee the judgment was set aside and a new trial awarded. From this order and judgment of the lower court this appeal is prosecuted.

The grounds of the motion for a new trial were (among others) that the court erred in giving certain charges and in refusing certain other charges, that there was newly discovered evidence, that the verdict was contrary to the evidence, and that the verdict of the jury was a quotient verdict. The trial court heard all the evidence on the original trial and on the motion to set aside the judgment, and had opportunity to observe the manner and demeanor of the witnesses (which we have not); and, after hearing same, and knowing what the law had been charged to be, in its oral charge (with which we are not furnished), it set aside the verdict and granted a new trial. It is not made to appear to us up-

on what ground of the motion the new trial was granted, but only that it was granted.

Notwithstanding the statute allowing appeal and a review of the action of the trial court in awarding or denying motion for a new trial, it was not the purpose or effect of the statute to take away from the trial court all discretion in the premises; and it is yet clothed with some discretion in the matter, which this court will not disturb, except in the manner and for the reasons often here set forth, as follows: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict."—*Cobb v. Malone & Collins*, 92 Ala. 635, 636, 9 South. 740. The action of the lower court in granting or denying a motion for a new trial will not be reversed, unless it appears to be clearly erroneous; something being left to the discretion of the trial judge.—*McLeod v. Shelly, etc., Co.*, 108 Ala. 81, 19 South. 326.

It has been frequently decided by this court that "the power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on

the part of the juries, which sometimes occurs. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence.—Hilliard on New Trials, 339. The power should be exercised only when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury. If these be the principles by which the trial court should be governed, they apply with much more force to the exercise of the power by an appellate court."—*Cobb v. Malone & Collins,* 92 Ala. 633, 9 South. 739.

While we are not prepared to say that the judgment in this case was so erroneous that no court should have allowed it to stand, yet we cannot say that the trial court's action in setting it aside was so clearly erroneous that we should reverse it and deny the new trial.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.