# Watson Bros. *v.* Davis, *et al.*

### Assumpsit.

(Decided November 4, 1915.   70 South. 118.)

1. **New Trial; Grounds.**—Since the determination of the credibility of the witnesses is materially within the province of the trial court who has the advantage of observing them while testifying, the judgment of the trial court refusing to grant a new trial will not be reversed, although the evidence as set out in the transcript on appeal preponderates against the verdict.

[Watson Bros. v. Davis, et al.]

**2. Charge of Court; Misleading.**—There is no reversible error in giving a charge which merely possessed misleading tendencies, as the remedy of the adversary party was to request a counter explanatory charge.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Watson Bros. against L. E. Davis and another. Judgment for defendants, and plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911. Affirmed.

The basis for a new trial was that the verdict of the jury was contrary to the evidence, and that the court erred in giving the special charge requested by defendant. The evidence sufficiently appears. The charge is as follows: Unless the evidence reasonably satisfies the jury that L. E. Davis, the old man, promised to pay the account, the verdict of the jury cannot be against L. E. Davis.

While being examined as a witness, defendant propounded to L. E. Davis the following question: "State whether or not your son, E. M. Davis paid you any rent for your land that he worked during the year 1913."

The court overruled plaintiff's objection of irrelevancy and immateriality, and the witness stated that his son did not pay him any rent for the year 1913 for said land. Plaintiff moved to exclude this answer, which motion was overruled.

W. O. MULKY, for appellant.  C. D. CARMICHAEL, for appellee.

McCLELLAN, J.—(1) The action is on an account for goods, etc., sold. The plaintiff firm (appellant) contended that the defendant L. E. Davis directed the firm to furnish his son, the defendant E. M. Davis, with merchandise, etc., and told the firm that he, L. E. Davis, would pay for the goods so furnished. Goods were furnished the son, and they were charged in order to an account headed with the name of both. The defendant L. E. Davis denied making any such agreement, or ever having made any promise to pay the account made, or to be made, by his son. The father appears to be entirely responsible for his financial obligations. The evidence was in irreconcilable conflict on the question whether the father made the agreement stated and on the faith of which the firm asserts it furnished the goods, etc.,

upon the application of the son. The jury resolved the issue for the defendants, returning a verdict in favor of both defendants. As the matter appears upon the face of the transcript, the preponderance of the evidence would seem to be against the jury's conclusion. But, under the established rule of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, even the conclusion of the appellate court that the verdict is opposed to the preponderance of the evidence will not justify the appellate court in reversing a trial court for overruling a motion for new trial. Whether the verdict here is wrong and unjust must depend upon the degree of credibility justly to be accorded the witnesses. If the jury, as it had a right to do, yielded the fuller credence to Davis' testimony, the verdict rendered was a natural result as far as L. E. Davis is concerned. Under the rule of *Cobb v. Malone,* we cannot say that the trial judge erred in overruling the motion for new trial. He heard and saw the witnesses, and was, in consequence, better advantaged than this court can possibly be to satisfactorily determine the question presented by the motion.

(2) The charge given for the defendant could, when considered with the utmost disfavor to the plaintiffs, only have possessed a misleading tendency, to avert the only possible harmful effect of which it was the obligation of the plaintiffs to ask an explanatory instruction. What rent the son paid the father for the use of the father's land during the year the goods, etc., were furnished by the firm was, doubtless, an immaterial matter on the issues on trial. It cannot be assumed that the fact that the son paid no rent for the land that year had any rationally possible prejudicial effect upon the trial or the rights of the plaintiffs. The absence of the inclusion of the ruling in this connection in the motion for a new trial rather confirms the correctness of the conclusion stated. These were the only questions reserved for consideration here.

The judgment cannot be said to rest on any prejudicial error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.