(86 South. 375)

## SOUTHERN RY. CO. v. TAYLOR.
### (7 Div. 97.)

(Supreme Court of Alabama. Oct. 14, 1920.)

**Railroads ⊜446(10)—Negligent lookout for animal held question for jury.**

Enginemen's negligence in not having seen cow in time to avoid injury by fast train *held* question for jury.

Appeal from Circuit Court, St. Clair County; W. J. Martin, Judge.

Action by Buel Taylor against the Southern Railway Company, for damages for killing a cow. Judgment for the plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, p. 460, Acts 1911. Affirmed.

Knox, Acker, Dixon & Stern, of Anniston, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

M. M. Smith, of Pell City, for appellee.
No brief reached the reporter.

McCLELLAN, J. The plaintiff, appellee, recovered judgment against the defendant, appellant, for the negligent killing by defend-

'ant's passenger train of a cow alleged to have been owned by the plaintiff. The determination of the issue of ownership vel non by the plaintiff was properly submitted to the jury. The other issue, viz. whether the employees of the defendant were negligent in the premises, was, under the whole evidence, a question for the jury, the solution of which depended almost entirely upon the credibility to be accorded by the jury to the testimony of the enginemen, on the one side, and to that of witnesses for the plaintiff, whose evidence tended to show that the animal could have been seen a much greater distance, though it was in a deep, narrow cut, than the enginemen (who testified that a lookout was being maintained as the train approached the place where the animal was stricken) declared was the distance at which the animal could be or was discernible from the rapidly moving engine. It was for the jury to decide whether the engineman's view, from bright sunlight into the shaded area of the narrow cut, was rendered ineffectual until his train had reached a point so near the animal that the exercise of the requisite skill and diligence could have averted the injury.

The court did not err in its rulings on the evidence. The state of feeling existing between the plaintiff and his daughter, because of her marriage against his will, could not have had any bearing upon the issue of ownership of the animal by plaintiff or by his daughter. We cannot say that the court below erred in overruling the motion for new trial. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS. JJ., concur.