(117 So. 51)

## LUSK v. FOSTER et al. (8 Div. 19.)

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied May 31, 1928.

1. Trial ⟨key⟩59(1)—Permitting premature introduction of evidence by way of contradiction held not error, where if subsequently offered it would have been admissible.

Permitting defendants, as witnesses in their own behalf, to testify as to conversation with another, in anticipation of testimony of such other and prematurely by way of contradiction, *held* not error, where if subsequently offered, evidence would have been admissible.

2. Witnesses ⟨key⟩388(1)—Testimony as to what was said by another in conversation was properly admitted where predicate was laid therefor without objection.

Testimony of witness as to what was said by another in a conversation was properly admitted, where predicate had been laid for such proof without objection.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by Andy Lusk against Earnest Foster and another for use and occupation of land. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals, under Code 1923, § 7326. Affirmed.

Proctor & Snodgrass, of Scottsboro, for appellant.

The lease, if any, terminated on the death of Sara Evans; thereafter defendants were trespassers. 21 C. J. 963; Pierce v. Fulmer, 165 Ala. 344, 51 So. 728; Patten v. Swope, 204 Ala. 172, 85 So. 513.

John B. Tally, of Scottsboro, for appellees.

Counsel discusses the questions raised, but without citing authorities.

GARDNER, J. Appellant sued appellees to recover for the use and occupation of some 8 or 9 acres of a tract of land, referred to by some of the witnesses as the "L. D. and Sarah Evans' lands," and by another as the "old lady Evans' land," in Jackson county. Defendants insisted that one Ed. Davis was the agent of Sarah Evans (his mother-in-law) who had possession and control over the entire tract of land, and that Davis, during the lifetime of said Sarah Evans, had agreed to let them have the use of these few acres, rent free, if they would "clean it up and put it in," to use their language; that they did so and planted it in soy beans which they gathered as their own, and that under this agreement they owed nothing for the use of the land; that this agreement was some time between the 1st and 10th of January, 1926. Sarah Evans died January 24th there-

after, and in July, 1926, this tract of land was sold for division among the heirs by order of the court, and plaintiff became the purchaser thereof, deed being executed August 6, 1926.

Plaintiff's right of action is rested upon his status as the purchaser of the lands at the said sale.

Two issues of fact were presented by the trial court for the jury's consideration: First, whether or not Davis was the agent of Sarah Evans with authority to make such rental agreement. Very clearly, the evidence upon this question was sufficient for a finding by the jury in the affirmative. Second, whether or not such agreement was made prior to the death of Sarah Evans. The testimony upon this question was in sharp conflict and properly submitted for the jury's determination.

[1] Appellant insists that the trial court committed reversible error in permitting defendants, as witnesses in their own behalf, to testify as to conversation with said Ed. Davis (favorable to their contention) which took place after the death of Sarah Evans, and, therefore, after the termination of the agency. If it be conceded (a question that need not be decided) there was error, it was without injury. This testimony was doubtless produced by defendants in anticipation of the testimony of said Davis, and prematurely by way of contradiction, as subsequently developed by the testimony of Davis when examined as plaintiff's witness. The court will not be put in error therefore because of the premature offer of this evidence, which if subsequently offered, would have been entirely admissible.

[2] Assignments 1 and 2 therefore do not present reversible error. Nor was there error in permitting witness Noah Potter to state what was said by the wife of Ed. Davis in conversation at their house. Mrs. Davis had testified; and predicate laid without objection, for this proof. It was clearly admissible and entirely relevant in view of her testimony.

Counsel for appellant further argue upon the assumption the proof without dispute discloses that Sarah Evans held only a life estate, and that, therefore, after her death, these defendants were without any rights in the premises. Such may have been the case, but the evidence in the record does not so conclude. Mrs. Davis, daughter of Sarah Evans, referred to her mother as the one who "owned the land," and a nephew testified it was "Aunt Sarah Evans' land." The only indication to the contrary seems to be a recital of the decree of sale for division, referring to the heirs of L. D. Evans. Nor do we find the cause was tried upon the theory as thus advanced, and, in any event, the proof, as above disclosed, is in conflict and some confusion thereon.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is strenuously insisted the court erred in denying the motion for a new trial upon the ground that the verdict was contrary to the great weight of the evidence. The rule by which this court is governed in questions of this character is stated in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, so often cited, and needs no repetition here.

Suffice it to say the evidence upon the disputed issues of fact has been carefully considered by the court in consultation, and we are not persuaded, under the rule here controlling, that the ruling of the court on this motion should be disturbed by this court.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.