(128 So. 913)

### Zemer ASHCRAFT v. STATE.
### 7 Div. 655.

Court of Appeals of Alabama.
June 10, 1930.

RICE, J.

Appeal dismissed.

(122 So. 919)

### Louie BABBITT v. STATE. (4 Div. 495.)

Court of Appeals of Alabama. April 30, 1929.

BRICKEN, P. J. Appeal dismissed.

(123 So. 923)

### Vester BAGWELL v. STATE. (6 Div. 563.)

Court of Appeals of Alabama. June 18, 1929.

BRICKEN, P. J. Affirmed.

(124 So. 919)

### Guss BAILEY v. STATE. (7 Div. 622.)

Court of Appeals of Alabama. Dec. 6, 1929.

PER CURIAM. Appeal dismissed on motion of appellant.

(125 So. 917)

### James BAILEY v. STATE. (6 Div. 653.)

Court of Appeals of Alabama. Jan. 14, 1930.

Wiggins & Tweedy, of Jasper, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

RICE, J. The court has read the entire record and bill of exceptions, considered, and decided the questions controlling the disposition of this appeal, sitting en banc.

We are of the opinion, and hold, that under the established and well-known rule, prevailing in this state, it was error to refuse to grant appellant's motion to set aside the verdict of the jury, and the judgment of conviction rendered thereon, and to grant to him a new trial; this by reason of the insufficiency of the evidence to support same. Cobb v. Malone, etc., 92 Ala. 630, 9 So. 738. At most, we think the evidence merely raises a suspicion that appellant was guilty as charged, and convicted. The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.

(125 So. 917)

### Olin BAILEY v. STATE. (7 Div. 551.)

Court of Appeals of Alabama. Jan. 21, 1930.

See, also, 22 Ala. App. 531, 117 So. 505.

SAMFORD, J. Appeal dismissed.