142 So. 98

## SOUTHERN RY. CO. v. THOMAS.

### 7 Div. 97.

Supreme Court of Alabama.

May 12, 1932.

Rehearing Denied June 9, 1932.

Pettus, Fuller & Lapsey, of Selma, and W. W. Wallace, of Columbiana, for appellant.

L. H. Ellis, of Columbiana, for appellee.

ANDERSON, C. J.

The only question argued and insisted upon for a reversal of this case is the refusal of the trial court to grant the defendant's motion for a new trial because the verdict was contrary to the great weight of the evidence. While the evidence shows several trains passing Bamford the morning of the fire, the only evidence which tends to show an emission of sparks that could possibly set fire to the plaintiff's house was a northbound freight train which passed shortly before the fire on the roof was discovered, about 11 a. m., and as testified to by the plaintiff's witness, William Harkins. Indeed, the trial court, by the given charges, confined the plaintiff's right to recover upon the sole theory that the fire was communicated by said train. The defendant introduced much evidence to the effect that no such train was scheduled to pass Bamford going north at the time testified to by Harkins, and that no such train did in fact pass. This denial was established by the testimony of the train dispatcher and by the records kept by him, but all of which was not first-hand information, and the accuracy of some of his testimony was dependent upon the correctness of reports made to him by the agents. This denial was also established by the agent at Gurnee and in part by other witnesses, including the section foreman. On the other hand, Harkins was corroborated as to the passing of such a freight train going north, just before the fire appeared on the roof of the plaintiff's house, by the plaintiff and one Evans. This was such a conflict as should have been reconciled by the jury, and under the rule laid down in Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, and often cited and followed, we are not prepared to hold that "the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust," and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.