157 So. 58

## ALABAMA POWER CO. v. WILLIAMS.
### 6 Div. 545.

Supreme Court of Alabama.
Oct. 4, 1934.

Rehearing Denied Nov. 1, 1934.

Arthur Fite, of Jasper, and Martin, Turner & McWhorter, of Birmingham, for appellant.

Pennington & Tweedy and L. D. Gray, all of Jasper, for appellee.

ANDERSON, Chief Justice.

The only serious contention of the appellant is that the plaintiff's physical condition is not due to the stroke of lightning but to a disease which was not produced or aggravated by the fall resulting from the said stroke of lightning—that it was therefore entitled to the general charge upon this issue, or, if not so entitled, the great weight of the evidence was so decidedly in its favor as to put the trial court in error for refusing its motion for a new trial.

■ As to the first contention, the evidence unquestionably made it a question for the jury. Many witnesses for the plaintiff testified that the child was apparently normal immediately preceding the alleged shock and fall, but immediately or shortly thereafter showed a lameness, or defect in her locomotion, which has continuously grown worse and was, at the time of the trial, incurable. True, the medical men seem divided as to the ailment of the child or the cause of same, but most, if not all of them, admitted that if the hypothesis of the plaintiff's evidence was true, the injury could have been produced by the fall. Therefore, the defendant was not due the general charge.

■ As to the motion for a new trial, the trial court and jury saw and heard the witnesses and we cannot say that the verdict was so contrary to the preponderance of the evidence as to put the trial court in error for refusing the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738. True, the great weight of the expert evidence was to the effect that the condition of the child was a disease not usually resulting from a fall or shock, but, if the plaintiff's theory as to the fall and the condition of the child before and after the fall was true, and which was testified to by many witnesses, the expert testimony admitted that the injury could have been produced by said fall. We may observe that the failure of the mother to mention the fact that the child had received a fall or injury, when having her examined and treated by Drs. McLester and Littlejohn, may arouse a suspicion in the judicial mind that the fall or injury produced thereby was an afterthought or fabrication, but such a suspicion cannot suffice to outweigh the positive evidence of several witnesses believed by the jury.

346

■■ We think the insistence that the defendant was due the general charge for a failure of proof as to a material averment of the complaint, that is, that she fell on her head, is rather hypercritical. The complaint charges that she was hurled from the swing and to the floor of said house, "striking or falling on her head on said floor." The witness J. R. Boteler testified as to the position of the child on the floor when he got there, and while he did not see her fall on her head, the jury could well infer that she struck her head in the fall as well as any other part of her body and the fact that she struck her head is averred in the alternative. Nor do we agree that the complaint charges that the injury sustained was proximately caused by falling on her head. The trial court did not err in refusing the defendant's general charge because of a failure of proof that the plaintiff fell on her head.

The judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes