165 So. 581

## BYNUM v. STATE.

### 3 Div. 155.

Supreme Court of Alabama.

Jan. 30, 1936.

Joe Brown Duke, of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellant, Willie E. Bynum, was indicted by a grand jury of Montgomery county for the offense of murder in the first degree. Upon his trial for said offense, he was convicted of murder in the first degree, and his punishment fixed by the jury at death. Upon this verdict, the court sentenced the defendant to death by electrocution. From this judgment, appellant prosecutes this appeal.

The record proper shows due organization of the court, indictment in proper form, due arraignment of defendant upon the indictment, the drawing of a special venire for the trial of the defendant, the setting of a day for the trial, and due service of a copy of the indictment and a list of the jurors drawn for the trial, in all respects as required by law. At each successive stage in the proceedings the record shows the personal presence of defendant.

No errors appear upon the record proper.

On the trial of the cause the defendant reserved a bill of exceptions, but the only question presented for review here by the bill of exceptions relates to the action of the trial court in overruling the defendant's motion for a new trial.

During his closing argument to the jury, the solicitor made the following statement: "And I say to you, gentlemen of the jury, that in my opinion, under my oath as an officer and my word of honor as a gentleman that this defendant is guilty and should be electrocuted."

The defendant objected to "said argument on the part of the solicitor, as being improper and not called for by the evidence in the case."

The court excluded the said remarks of the solicitor from the jury. No further action by the court was requested by the defendant.

In his oral charge to the jury the court also directed the jury to disregard the said remarks of the solicitor.

Whether the remarks of the solicitor exceeded the limits of permissible argument we do not feel called upon to determine, as the court promptly excluded the argument, and directed the jury to disregard it. We do not think the statement of the solicitor was so improper as that its effect upon the mind of the jury could not be eradicated by the timely action of the court in directing them to disregard the same. The court's action, it would seem, was entirely satisfactory to defendant's counsel, as no further action of the court was requested by counsel.

It is also urged as a ground for a new trial that the court failed to charge the jury "that the defendant was presumed to be innocent." The bill of exceptions not only fails to disclose any exceptions to the oral charge of the court, but, on the contrary, states that counsel announced satisfaction with the charge.

The evidence and entire record have been carefully considered, and we can find no just ground for judicial interference with the verdict of the jury and the judgment of the court pronounced thereon. The verdict and judgment must, therefore, stand. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

And, it appearing to the court that the date heretofore fixed by the circuit court of Montgomery county for the electrocution of appellant has passed, Friday, March 27, 1936, is hereby set for the execution of the death sentence, passed and pronounced upon appellant.

Affirmed.

All the justices concur, except ANDERSON, C. J., not sitting.