166 So. 436

**REYNOLDS v. STATE.**

**7 Div. 171.**

Court of Appeals of Alabama.
March 3, 1936.

Reed & Reed, of Center, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

Under section 3416, Code 1923, defendant was found to be the father of a bastard child, and from the judgment he takes this appeal.

There are several assignments of error relating to rulings of the court on the admission of evidence and the refusal to give charges in writing requested by defendant. Some of these assignments are without merit, and the others, while technically erroneous, are not such as to justify a reversal of the judgment.

The real question of merit is the action of the court in overruling the defendant's motion for a new trial, on the ground that the verdict of the jury was contrary to the great weight of the evidence.

It is always with great reluctance that this court is moved to set aside the verdict of a jury where there is any conflict in the evidence or to hold the trial court in error where motion for new trial has been overruled. This is as it should be, for reasons set out in many decisions of this and the Supreme Court. Cobb v. Malone, 92 Ala. 630, 9 So. 738, and similar cases.

Where, however, this court is convinced that the verdict is wrong and unjust and has been rendered for and on account of passion, prejudice, or a misconception of the law as applied to the facts, this court does not, and should not, hesitate to so declare.

The evidence for the state consists alone of the testimony of the prosecutrix. This testimony is thoroughly impeached both by the improbability of the story itself and the contradictory statements made by her to other parties at times near to the beginning of her pregnancy. In addition to this, prosecutrix first charged the paternity of her child to another and went before an officer and by affidavit, etc., brought bastardy proceedings against him. When that party left the country, presumably on account of the charge, she dropped those proceedings and started this one against a man able to pay and who was at enmity with her father, with whom she was living.

The defendant denied specifically ever having had intercourse with the girl, and the several witnesses conversant with the facts corroborated his testimony.

Under the facts as presented by this record, we are convinced that the verdict is wrong and unjust and that the motion for a new trial should have been granted.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.