180 So. 734

**COWELLS v. STATE.**

**4 Div. 346.**

Court of Appeals of Alabama.

April 19, 1938.

J. W. Brassell, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, the deceased, who was appellant's brother, and two others, were going along a roadway at night. Some, or all, of the party had been "drinking", i. e., drinking intoxicating liquor.

A difficulty—unprovoked, as appears—arose between appellant and his brother, the one for whose death appellant now stands convicted of manslaughter in the first degree. The deceased, Johnnie Cowells, or Cowell, appears to have been the aggressor; but no witness testifies to having seen the actual stabbing which caused his death.

The circumstances were such that, despite his denial, the jury were warranted in finding that appellant stabbed his brother Johnnie and killed him. There was no plea of "self-defense," as that term will be readily understood.

The testimony is very unsatisfactory; appellant is shown to have borne a good character; and a verdict of acquittal would not have been shocking to a sense of judicial fairness.

But we have given careful study to the evidence; and we are not able to affirm that the verdict of the jury is without adequate support.

Of consequence, we cannot reverse the judgment of conviction because of the action of the trial court in overruling appellant's motion to set same aside and grant him a new trial. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

So the judgment must be affirmed—as it is.

Affirmed.