153 So.2d 652

**Calvin HANEY**

v.

**STATE.**

**1 Div. 929.**

Court of Appeals of Alabama.

May 14, 1963.

T. Watrous Garrett, Grove Hill, for appellant.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant, Calvin Haney, appeals from a judgment of the Circuit Court of Clarke County, Alabama. On October 19, 1962, he was convicted of carnal knowledge of a girl under the age of twelve years and sentenced to ten years imprisonment.

The State's case was presented through the testimony of two witnesses, Dr. Margaret Henry, and Lillian Ann Champion, the prosecutrix.

Dr. Henry testified that on March 5, 1962, she examined the child's sex organs and "found that the hymen had been broken

and the vagina was enlarged * * * enough to allow intercourse by a man", which circumstances could have been "caused by penetration of a man's sexual organs". On cross-examination, she testified, "I could tell it had not been in the previous forty-eight hours before the examination."

The testimony of the prosecutrix, who was born on August 18, 1950, reveals the following story.

In February, 1962, she knew Ollie Mae Alford, a widow who had six children, three of whom attended the same school as she. The Alfords lived about two miles from Thomasville. On a few occasions she would go to the Alford home on the school bus and spend the night or several days and nights without telling her mother beforehand. One Friday in February, 1962, she went to the Alford home with some of the Alford children to spend the weekend. When they arrived in the evening, Ollie Mae and the other children were there. After dark two men came to visit. One was Cubie Hodge and the other was the defendant, Calvin Haney.

They passed the time talking except for an interruption during which all the adults and children went to a Negro's house where Haney got a jar of whiskey. He drank some of it as they returned to the Alford home where Mrs. Alford joined him in imbibing.

Lillian Ann further testified that later, Mrs. Alford said, "Mr. Calvin Haney said for me to go to bed with him". Leaving the door open, Haney took her into an adjoining room in which there was a bed, and Ollie Mae Alford and Cubie Hodge went to the front room bed.

The alleged assaulted party further stated that she and Haney got into the same bed where "he removed my pants and he unzipped his", and that Haney put his private parts into hers which hurt her. "I hollered and tried to get up and he wouldn't let me get up and he said he would choke me if I didn't be quiet."

He kept her in bed for "about thirty or forty minutes". Then she dressed and went back into the front room where she found Mrs. Alford and Cubie Hodge in bed. They got out of bed when she and Haney entered the room. The two men left that night.

She testified that although she did not see Haney give Mrs. Alford two dollars, she knew that he did, and that Mrs. Alford gave her one dollar without telling her why.

The next day she and the Alfords went to Haney's home where Mrs. Alford got some whiskey from Haney and then returned to the Alford's home.

She returned to her own home the next night, Sunday, and made a complaint to her mother about a week later. Her mother then took her to a doctor.

The defendant testified in his own behalf and eight other witnesses testified for him. While admitting he had been to the Alford home on three occasions, he denied ever being at the Alford home at the same time that the prosecutrix was there and also denied every other material fact of her testimony. He did admit that the prosecutrix was brought to his home by Mrs. Alford on a Sunday but denies that he gave or sold any whiskey to Mrs. Alford.

The defendant's testimony was corroborated by three witnesses who, according to the prosecutrix's testimony, were with the defendant and her on the night of the alleged crime. The three witnesses are Ollie Mae Alford (who is an aunt of the defendant's wife and who has also been indicted for the crime) and Lela Ray Alford (Ollie Mae's daughter who is fifteen years old according to her own testimony and fourteen years old according to her mother's) and Cubie Hodge (who is a forty-eight year old bachelor friend of the late Mr. Alford with whose daughter, Lela Ray, he is now "going with").

The defendant's motion for a new trial was overruled by the presiding judge

after a hearing which appears in full in the record. One of the grounds for this motion is that the verdict is contrary to the great weight of the evidence. Review of the evidence discloses that the State has proved a prima facie case and that the defense consists of testimony denying the evidence of the State. Clearly, such a conflict presents issues within the province of the jury who may give credit to such witnesses as in their discretion merit belief and may disregard the testimony of those witnesses who stand impeached before them. Southern Ry. Co. v. Gantt, 210 Ala. 383, 98 So. 192.

"We cannot say that the verdict should be disturbed as being contrary to the great weight of the evidence. 'When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened. * * *' Cobb v. Malone, 92 Ala. 630, 9 So. 738." Vickers v. State, ante p. 27, 151 So.2d 236.

■ Other grounds of the motion for a new trial alleged that the defendant was not properly represented by counsel at his trial and that the attorney "appointed by the court to represent him" did not have sufficient time to prepare the defendant's case and did not properly prepare it.

On December 12, 1962, Mr. Joe Thompson represented defendant at the hearing on the motion for new trial which was heard by the Honorable William G. Lindsey who also presided at the trial. Mr. Thompson introduced the entire record of the case as evidence on the motion. Mr. Watrous Garrett, who represented the defendant at the trial, then testified on behalf of the defendant. His testimony, and that of the other witnesses called by both parties, is summarized as follows:

On March 7, 1962, Haney was jointly indicted with Ollie Mae Alford for carnal knowledge of Lillian Ann Champion, a girl over twelve years and under sixteen years of age. The next day he was committed to jail but released on bond the day after that.

On April 3, this indictment was not prossed on the recommendation of the solicitor. On the same day, a warrant was issued for Haney's arrest for carnal knowledge of Lillian Ann Champion, a girl under the age of twelve years, and he was jailed. The next day he was arraigned in open court before Justice of the Peace S. G. McVay and waived a preliminary hearing to the next grand jury. Bond was fixed at $2,500.00.

At about this time Haney spoke to Garrett about hiring the attorney to defend him, but employed Mr. Edward P. Turner, Sr.

On September 19, 1962, Haney was indicted for carnal knowledge of Lillian Ann Champion, a girl under the age of twelve years. When Sheriff Chester C. Noble attempted to rearrest Haney, he discovered that the defendant had moved to Mississippi, and so he notified the bondsmen to produce him. On September 29, Haney appeared and entered into a new recognizance. On the morning of October 15, Mr. Turner appeared in court and made the statement to Judge Lindsey on the bench that, having written his clients, Ollie Mae Alford and Calvin Haney, requesting that they come by to see him and not having heard anything from them, he was withdrawing from the case because he had not been paid. Judge Lindsey then appointed Mr. Garrett to represent Haney, who did not appear in court on this day because, according to his showing, his vehicle broke down en route to the court.

Mr. Garrett first saw Haney at around 9:30 or 10:00 A.M. on October 16 where Haney was arraigned with Garrett representing him. Garrett was busy settling some cases in court but talked to Haney, his wife, and Ollie Mae Alford for about an hour and a half in his office. The next day Garrett, who was through settling cases at around 12:00 noon, talked to Haney and his wife for about thirty minutes.

On October 18, 1962, Garrett met Haney in his office and they went to court where the case was called about 9:00 A.M. Judge Lindsey allowed Garrett to talk to the witnesses alone in the witness room for about an hour and a half. Garrett had subpoenaed every witness whose name was given to him by the defendant and they all appeared. Garrett approached the bench while the court was in session and informed Judge Lindsey, out of the hearing of everyone else, that Haney wanted his case to be continued until the next term of court. Garrett did not file any motion or explain the reasons for his request. The judge denied his request.

Garrett did not investigate the case outside of his office or get the benefit of Turner's investigation.

In view of the fact that appellant knew of the charges against him since March 8, and that no later than September 29 he knew he was indicted and would have to stand trial, it is clear that defendant had sufficient time to prepare his defense and obtain the services of a lawyer and was derelict in not so doing. Haney's situation is much like the appellant's in Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875, where this court held:

> "The fact that counsel came into the case at a late date, of course, is something over which they had no control; but Fiorella did."

The defense made by the appellant in the trial court below was a general denial of all of the accusations made by the prosecuting witness. In his effort to prove his contention, the defendant examined nine witnesses, which included two character witnesses. We are doubtful that the verdict of the jury would have been changed had he had additional time to prepare this defense.

This case is due to be and the same is hereby

Affirmed.