ON APPLICATION FOR REHEARING
PER CURIAM.
The application for rehearing is granted. The judgment appealed from is affirmed.
Upon reconsideration, we are convinced that our reversal of the trial court’s order granting a new trial as to Black Belt Wood Company was in error. Our holding on original deliverance emphasized the absence of any basis in the evidence for the finding of a principal/agency relationship between S & T Trucking Co. and Black Belt; and this misplaced emphasis resulted from our interpretation of the trial court’s new trial order.
Originally, we read the order granting a new trial as to all Defendants as saying that the jury verdict was legally inconsist *805 ent with reference to the two named corporate Defendants. Because the evidence will not support a finding of vicarious liability on the part of S & T arising out of the conduct of Black Belt (a point on which all the members of the Court are in agreement) we felt that the trial court had misapplied the law and thus erred in granting Plaintiff a new trial as to Black Belt.
But this misconstrues the trial court’s new trial order. Rather than finding a legal inconsistency, as in the case of S & T and its employee truck driver, the trial judge found a factual inconsistency in the jury verdict in that it imposed liability on S & T and exonerated Black Belt. Although not so denominated, the trial court’s new trial order, as we now understand it, is essentially a weight and preponderance of the evidence ruling.
One of the theories of Plaintiff's claim against S & T was based on its alleged negligent hauling of any improperly loaded truck in violation of Code 1975, § 32-5-75:
“Any person operating a motor vehicle on any highway hauling logs, lumber, pulp wood, tar wood, bale cotton or hay or other articles that may shift or drop onto the highway is required to fasten such load with steel cables or chains of sufficient size to prevent the load from shifting or dropping onto the highway.”
The evidence plainly and palpably supports a finding against S & T based on its allegedly negligent hauling in violation of the above-quoted statute. Likewise, the evidence plainly and palpably supports a finding that Black Belt negligently loaded the truck. Indeed, in addition to the evidence relating to the allegedly negligent loading process, the evidence is without dispute that S & T’s driver stopped the truck more than once before the accident in an effort to tighten the chains and better secure the load of logs, all of which evidence raised a reasonable inference of improper loading — the function of Black Belt, with knowledge that the truck would be operated upon a public highway.
This clarification sheds a different light upon the trial court’s new trial order. It was not the vicarious liability of S & T for the negligence of Black Belt that formed the basis of the separate and several claims asserted by the Plaintiff; rather, the sole assertion against Black Belt was its liability for its own independent negligence. But, reasons the trial judge, the jury verdict against S & T, most probably based, pursuant to the weight of the evidence, upon its violation of the hauling statute, is necessarily premised upon a finding of negligent loading by Black Belt, not as an agent of S & T, but as an independent contractor.
While the trial court’s granting of a new trial, where the verdict is plainly and palpably supported by the evidence, is an abuse of its discretionary prerogative, we are obliged to indulge a presumption of correctness in favor of a new trial order where, as here, it is highly probable that the verdict under review is the result of confusion or misunderstanding or is inconsistent in law or in fact. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891). Therefore, because we believe the trial judge properly perceived his discretionary role in preventing an unfair and unjust result under the circumstances, we affirm his order granting a new trial as to all three Defendants.
APPLICATION FOR REHEARING GRANTED.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, FAULKNER and BEATTY, JJ., dissent.