(80 South. 688)

WORTHINGTON v. CLEVELAND LUMBER CO. (6 Div. 253.)

(Court of Appeals of Alabama. Dec. 17, 1918.)

1. MECHANICS' LIENS ⬅263(1)—PARTIES DEFENDANT.

Where timber purchased by contractor was used in erecting a tipple and underpass on a spur track of coal company, and plaintiff notified company of account against contractor, and had claim for lien recorded, suit for timber sold and to have established materialman's lien was properly brought against both contractor and company in view of Code 1907, §§ 4766, 4774.

2. ACCORD AND SATISFACTION ⬅11(1)—PAYMENT BY CHECK—FAILURE TO ACCEPT IN FULL PAYMENT.

Where plaintiff received invoice incorporating deductions claimed by defendant with check attached, covering balance, and at bottom of invoice was receipt in full, to be signed by plaintiff, if correct, otherwise papers to be sent back for correction, there was no extinguishment of amount due in excess of check, though plaintiff cashed check, but did not sign receipt.

3. DAMAGES ⬅208(1)—NOTICE OF SPECIAL CIRCUMSTANCES—QUESTION FOR JURY.

In suit to recover balance on account for timber sold, whether plaintiff had notice of circumstances out of which special damages claimed by defendant by way of recoupment arose held, under the evidence, for the jury.

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. DAMAGES ☞23—SPECIAL DAMAGES—NO-TICE.**

In suit to recover balance on account for timber sold, defendant could not recoup for such damages as would not naturally flow from failure to deliver within time, unless plaintiff had notice of special circumstances out of which such damages would naturally arise.

**5. APPEAL AND ERROR ☞1064(1)—ERRONE-OUS INSTRUCTION—REVERSIBLE ERROR.**

In suit on account for timber sold, in which defendant sought to recoup for failure to deliver in time, an instruction which required of defendant the highest possible degree of diligence in attempting to mitigate damages was error demanding reversal.

**6. DAMAGES ☞62(4)—DUTY TO MITIGATE.**

Where plaintiff failed to deliver timber within time, all that the law required of defendant was that he should use all reasonable and convenient care to diminish the amount of damages.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Suit by the Cleveland Lumber Company against Thomas Worthington and another. From the judgment rendered, defendant named appeals. Reversed and remanded.

J. S. Coleman, of Jasper, and Allen, Fisk & Townsend, of Birmingham, for appellant. Finch & Pennington, of Jasper, for appellee.

BRICKEN, J. [1] This is a suit instituted by the Cleveland Lumber Company, appellee here, against Thomas Worthington, appellant, and the De Bardeleben Coal Company, to recover judgment for a balance alleged to be due plaintiff on a certain account for timber sold, and delivered to the said Worthington under a contract with plaintiff, and to establish a materialman's lien on certain property of said De Bardeleben Coal Company. Worthington was, at the time of making said contract, under contract with defendant De Bardeleben Coal Company to erect for them a certain tipple and underpass on a certain spur track of defendant De Bardeleben Coal Company. The timber in question was used by the said defendant Worthington in constructing said tipple and underpass. Before payment of the said Worthington in full for such construction by the said coal company, the plaintiff notified said company of its account against Worthington according to the statute for such cases made and provided, and duly had its claim of lien recorded as provided by statute. The suit was therefore properly brought against both defendants. Code 1907, §§ 4766, 4774. The demurrer to count 1 of the complaint was properly overruled.

The defendants pleaded payment, accord and satisfaction, recoupment, and the general issue.

The contract between the plaintiff and the defendant Worthington, out of which this suit grew, provided that plaintiff would deliver to the said Worthington within a certain time and for a certain price certain timbers for the construction heretofore mentioned. The evidence for defendants tended to show that at the time of making said contract, the defendant Worthington informed plaintiff of the nature of his contract with said De Bardeleben Coal Company, and the special damage he would sustain if plaintiff should fail to deliver said timber within the time provided by the contract. The evidence for plaintiff tended to show that no such notice that special damage would be caused was given, and that it was specially provided by the contract that plaintiff should protect himself against damage by going out into the market and purchasing for plaintiff's account, in case the plaintiff should be unable to deliver on time any part of said timber.

On August 24, 1915, plaintiff sent defendant Worthington an invoice for certain of said timbers, aggregating in amount $321.73. On September 27, 1915, said defendant made out what he termed a corrected invoice for said timber, deducting therefrom a certain amount for undelivered timber, according to his claim, making the amount of the invoice after such correction $247.36. He returned the invoice sent him with this corrected invoice attached. In this corrected invoice he gave himself credit for $124.63, which he claimed as damages for failure to deliver according to contract, the damages claimed being the amount of wages paid to certain skilled laborers while kept idle by reason of the failure of plaintiff to deliver certain timbers within the time provided by the contract. The balance stated as due was $122.73. At the bottom of this statement was a voucher to be signed by plaintiff, if found to be correct, accepting an attached check for $122.73, the amount claimed by said defendant to be due, in full settlement of said invoice. Below said receipt was a memorandum in print, as follows:

"Please date and receipt this voucher and return without delay to above address. If amount is not satisfactory, return papers without alteration for correction."

Upon receipt of these papers, plaintiff deposited the check for collection, which was duly paid, and, according to evidence of plaintiff, took the matter up as soon as practicable—within a day or two—with said defendant, stating to him that the deductions made by him from said invoice were not satisfactory, and claiming the whole amount of said invoice as rendered by it, less the

amount of said check, which plaintiff credited to the account represented by said invoice. The voucher receipt at bottom of said statement rendered by said defendant was never signed by plaintiff.

After this defendant Worthington refused to pay any more on account of said invoice, and plaintiff brought this suit.

[2-4] It is clear that defendant Worthington admitted an indebtedness on said invoice of $122.73, the amount of said check. No receipt was signed by plaintiff accepting this in full settlement of said account as shown by said invoice. If, in fact, said defendant owed plaintiff more than that amount, this payment could not operate as a consideration for an extinguishment of such excess amount. On the other hand, if defendant's claim of recoupment was right in kind and amount and had not received the timbers for which he made deduction in his statement, and the amount there stated was correct, then the check did operate as a payment. If these deductions were more than were properly allowable, then plaintiff was entitled to recover the excess due it. Under the evidence, and the charge of the court, it was for the jury to say whether or not the damages claimed by defendant by way of recoupment were proper and allowable. They were not such damages as would naturally flow from the failure to deliver the timber on time; and plaintiff would not be liable therefor, unless it had notice of the special circumstances under which the defendant Worthington was laboring at the time of the delay, out of which the damages complained of would naturally spring. On this point the evidence was in conflict and the matter properly went to the jury.

[5] There was another phase of the case, on the question of damages, which the defendant might be entitled to recoup, which was this: Did the defendant do what the law required of him in mitigation of damages, or could he, by proper action, at the proper time, have avoided the damages complained of? It may be that the jury, under one of the written charges given by the court, at the request of plaintiff, found against defendant Worthington on this point. The charge in question is as follows:

"I charge you that it was the duty of the defendant Worthington to do all that he could to make the damage caused by delay in the delivery of material as little as possible; and if he did not do this, then he should not be allowed any more in his claim of recoupment than he was necessarily damaged; and if you are reasonably satisfied from the evidence that he was not damaged to any extent that he could have avoided, you should not find for him on his said plea of recoupment for any amount."

[6] This charge would require of the defendant the highest possible degree of dili-gence in attempting to mitigate damages. What the law requires is that he should use all reasonable and convenient care to diminish the amount of the damages. Werten v. K. B. Koosa & Co., 169 Ala. 258, 53 South. 98; Ga. Pa. R. R. Co. v. Fullerton, 79 Ala. 302; M. & C. R. R. Co. v. Hembree, 84 Ala. 182, 4 South. 392; L. & N. R. R. Co. v. Hine, 121 Ala. 239, 25 South. 857; Sloss-Sheffield S. & I. Co. v. Mitchell, 161 Ala. 278, 284, 49 South. 851. "After a wrong has been committed, it is the duty of the injured party to make reasonable efforts .to prevent its increase. * * * The party upon whom the wrong is done should take reasonable effort to prevent an * * * injury from being extended. If a party can with reasonable effort prevent an injury from spreading he ought to do it." Sloss-Sheffield S. & I. Co. v. Mitchell, supra. "The principle of mitigation of damage does not require the injured party to do anything unreasonable." 3 Elliott on Contracts, § 2152; No. Col. Irr. Co. v. Pouppirt, 22 Colo. App. 563, 127 Pac. 125; The Thos. P. Sheldon, 113 Fed. 779; Nat. Ref., etc., Co. v. Parmalee, 9 Ga. App. 725, 72 S. E. 191; Sanitary Dist. v. McMahon, 110 Ill. App. 510; W. U. T. Co. v. Federolf (Tex. Civ. App.) 145 S. W. 314.

The court erred in giving the above charge. For this error the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.