(129 So. 793)
## AMERICAN HOME BUILDING & LOAN ASS'N v. LONG.
6 Div. 795.

Court of Appeals of Alabama.

Aug. 19, 1930.

[1] 221 Ala. 321.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Chester Austin, of Birmingham, for appellee.

BRICKEN, P. J.

This cause was tried in the court below by the court without a jury, and upon the writ-

ten request of the plaintiff a special finding of facts was made by the court, and is as follows:

"Special Finding of Facts.

"On the 4th day of December, 1929, came the parties in the above styled cause and upon the evidence by and between parties to this cause submitted to the Court, the Court does upon the written request of the Plaintiff in this cause find the following facts to be the true facts respecting the matters in issue in this cause.

"On the first day of June, 1928, the Defendant purchased a lot from Acipco Park and Development Company and executed a series of notes in the sum of Twenty Five Dollars each covering the purchase price of the lot.

"About Two Hundred Dollars had been paid on the purchase price of the lot when the Defendant being unable to pay the notes as they matured, some of which were past due, was approached by M. C. Stewart, an official of the Acipco Park and Development Company and also an official of the American Home Building & Loan Association, and told the defendant that if he could make no further payments on the lot that they would be glad to take it back and let Defendant forfeit the money that had been paid on the purchase price as the lot was worth considerable more than the balance due on it.

"Defendant heard no more from anyone whatsoever with reference to the notes and considered the transaction rescinded upon consideration of his losing the money that he had paid on the purchase price of the lot until May 24th some time later when the Plaintiff wrote the defendant that they held the notes for collection and that two of the notes were past due.

"On April 2, 1929, Acipco Park and Development Company transferred the notes executed by Defendant to F. W. Davies, a law partner of M. C. Stewart, who had held the conversation with Defendant. On the same date F. W. Davies gave a mortgage to the Plaintiff on the notes executed by this Defendant.

"It is admitted by the Plaintiff that at the time of purchase of the notes by F. W. Davies that one note was past due and unpaid and that under the lease sale contract when one note became due and payable the whole amount became due. They admit that they were not purchasers of all the notes before maturity. This being true the Defendant has a right as a matter of law to assert any defense against this Plaintiff that he could have asserted against the Acipco Park and Development Company.

"Plaintiff introduced no evidence to contradict Defendant as to his agreement with Mr. Stewart with reference to his rescind-

ing contract with the Acipco Park and Development Company. Plaintiff is precluded from recovering this cause in view of the fact that they were not innocent purchasers for a valuable consideration before maturity on all of the notes in the face of the uncontradictory testimony of the Defendant that he had an agreement with the original holder of the notes to rescind the contract. Judgment is therefore in favor of Deft.

"Dec. 18th, 1929.

"Roger Snyder, Circuit Judge."

The foregoing appears to be fairly and substantially borne out by the record, and upon such special finding of facts, judgment was rendered thereon by the court in favor of the defendant. To which action of the court plaintiff duly excepted, and from the judgment this appeal was taken.

There are several assignments of error, but the gist of appellant's insistence on appeal devolves upon the single proposition to the effect the trial court was in error in rendering judgment in favor of defendant, when in accordance with the evidence and also in accordance with the special finding of facts there is no evidence to support and warrant the judgment.

To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principal of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state.

B. A. Long, defendant below, contended and so testified that the original contract, of which the notes sued upon formed part of the original transaction, had, by mutual assent of the parties, been modified or rescinded. His testimony on this proposition was without dispute or conflict, and the evidence thus given tended to sustain this insistence. The weight or probative force of defendant's testimony was for the court, and this court does not feel warranted in holding, as requested, that the finding of the lower court on the evidence was erroneous. We think the evidence adduced was susceptible of the construction placed upon it by the low-

er court and justified the court in rendering the judgment.

Affirmed.