309 So.2d 105

**VULCRAFT, INC., a corporation**

v.

**Willie J. WILBANKS.**

**Civ. 448.**

Court of Civil Appeals of Alabama.

Feb. 26, 1975.

Beck & Beck, Fort Payne, for appellant.

W. W. Haralson, Scottsboro, for appellee.

HOLMES, Judge.

This is a workmen's compensation case.

Appellant argues that the trial court erred to reversal in that there were no findings of fact and/or proof as to the number of weeks appellee-employee worked for appellant and, hence, insufficient proof of employee's average weekly wage or period of employment. Additionally, appellant-employer argues that the trial court erred in finding the employee permanently and totally disabled and making an appropriate award.

We find no merit in either contention.

The employer, in his answer, admitted that the employee's average weekly pay was $137.50. Specifically, in the employer's answer, we find the following:

### "SIXTH DEFENSE

"This DEFENDANT admits that PLAINTIFF was working at an average salary of $137.50 per week."

Based upon this admission, the trial court found the employee's wage to be $137.50 and made an award based thereon. The trial court, in its findings of fact, stated the average weekly wage was admitted by the employer.

The matter in question having been admitted, no further proof was required.

We further specifically note that counsel for appellant-employer orally stated to the court the following: "The only issue involved is the extent of his disability."

It is the law in Alabama that a case will not be reviewed in the appellate court on a theory different from that on which it was tried below. City of Dothan v. Gulledge, 276 Ala. 433, 167 So.2d 217. See also 2 Ala.Dig., Appeal and Error, ⊂⊃171(1). Furthermore, as in this instance when parties adopt a theory for trial and the case is tried with that understanding, the courts, on appeal, accept the view that the pleadings present that theory. Turner v. Blanton, 277 Ala. 536, 173 So.2d 80.

As to the evidence regarding permanent disability, the record in this instance reveals that the employee could only perform manual labor; that he could only write his name; that he could not read and only had a first grade education. His injury is to his back. He testified he cannot work now. His wife verified the above. Additionally, the physician who was the only other witness in the case (the appellee presenting none), testified that the employee's injury was a jammed facet joint with swelling and pain or a ruptured disc, and he had difficulty bending and turning. The doctor further testified he felt the employee was not able to go back to doing the work he previously had done. Additionally, the doctor stated the plaintiff had a 25% impairment of the body as a whole.

We have reviewed the evidence in light of the well established rule of law that on certiorari to review judgments in workmen's compensation cases, the appellate court does not look to the weight of the evidence as to any fact found by the trial court, but looks to see if there is any

evidence to support the facts found by the trial court. Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39; Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So. 2d 370.

 Furthermore, as we stated in Dale Motels, Inc. v. Crittenden, *supra,* quoting from Brunson Mill Co. v. Grimes, 267 Ala. 395, 400, 103 So.2d 315, 319, " . . . total disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment."

Applying the above to the instant appeal, we find there is evidence, as noted earlier, to support the trial judge's finding as to permanent disability.

All assignments of error having been considered, the case is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.