321 So.2d 214

Charles E. HOVER and Jeanette C. Hover

v.

Andy E. KIRK and Faye H. Kirk.

Civ. 578.

Court of Civil Appeals of Alabama.

Oct. 22, 1975.

Hollis and Dowling, Enterprise, for appellants.

Cassady & Fuller, Enterprise, for appellees.

HOLMES, Judge.

This is an appeal from the Circuit Court of Coffee County. The trial court sitting without a jury entered a judgment in favor of the plaintiffs-Kirk and against defendant-Hover. The amount of the judgment was $1,500.

The suit was for breach of a contract in the sale of the Hovers' home to the Kirks.

The complaint by the Kirks alleged that included in the sale of the Hovers' home to the Kirks was certain personal property, to wit, draperies and a television antenna, and that Hover unlawfully removed and withheld these items. Additionally, the Kirks alleged that as part of the purchase agreement an escrow account was represented to be of a certain value when in fact it was not, but was in arrears.

The issues presented by this appeal are whether there is evidence to support the court's finding that the aforesaid items were included in the sale and that the escrow account was represented to be current, and whether the award of $1,500 damages is excessive.

The evidence as to whether the items mentioned above were included in the sale of the home is in conflict, as is the evidence concerning the escrow account.

The effect of the Kirks' testimony is that the items were so included, or were attached to the realty so as to become a part thereof. The Kirks also testified that they understood the escrow account was to be current at the time of the sale. The Hovers' testimony is contrary. Under such circumstances it becomes the trial judge's duty to reconcile such conflict.

It is clear that in Alabama if there is any evidence to support the trial court's finding we must affirm. 2A Ala.Dig., *Appeal and Error,* ⬅ 1010.1(3) et seq.

It is appropriate to quote what this court said in *American Home Building & Loan Ass'n v. Long,* 24 Ala.App. 34, 129 So. 793:

> "To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of *Cobb v. Malone,* 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of this state." (24 Ala.App. at 36, 129 So. at 794)

The case of *Cobb v. Malone, supra,* was reaffirmed by the Alabama Supreme Court on September 25, 1975, in *Hubbard Brothers Construction Company v. Halstead,* 294 Ala. 688, 321 So.2d 169.

As seen from the Kirks' testimony, there is evidence to support the learned trial judge's findings.

There is also evidence indicating the award is not excessive. There is testimony that the Kirks expended over $2,000 to replace the items in controversy and that the draperies taken by the Hovers were of the same approximate value. The judgment was for $1,500. The purpose of awarding damages for breach of a contract is to put the injured party in the position he would have been in had the contract been fully performed. *Champion v. Gaines,* 48 Ala.App. 484, 266 So.2d 150; 7A Ala.Dig. *Damages* ⬅117. Furthermore, damages for breach of contract need not be assessed with mathematical precision. See *United Bonding Ins. Co. v. W. S. Newell,* 285 Ala. 371, 232 So.2d 616.

The judgment is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.