321 So.2d 213
Charles E. HOVER
v.
WHITTAKER–WARREN AGENCY,
a partnership.

Civ. 577.

Court of Civil Appeals of Alabama.
Oct. 22, 1975.

John C. Dowling, Enterprise, for appellant.

Pittman & Whittaker, Enterprise, for appellee.

HOLMES, Judge.

This is an appeal from a judgment by the Circuit Court of Coffee County rendered against the defendant-Hover and in favor of the plaintiff-real estate agency.

■ The issue is whether there is evidence to support the trial court's judgment that the real estate agency was entitled to a commission on the sale of Hover's home. We find there is, and affirm.

The tendencies of the evidence reveal that in December of 1972, Hover and the real estate agency entered into a contract for the real estate agency to sell Hover's home. This contract expired after approximately thirty days. The real estate agency's representative testified a subsequent verbal agreement was entered into by the parties. This subsequent agreement was at a reduced commission. The agency's representative further testified that he procured the ultimate buyer.

The effect of Hover's testimony was that the above was not the case.

The ultimate buyer testified that he had dealings with the real estate agency regarding Hover's home after the original contract between Hover and the real estate agency had expired.

In April of 1973, a sale was consummated by the Hovers directly with the buyer.

■ A contract employing a broker to procure a purchaser for realty need not be in writing to be valid. *Espalla v. Lyon*

*Co.,* 226 Ala. 235, 146 So. 398. What constitutes procurement of a purchaser, entitling a broker to a commission, is a question of fact. *Marx v. Lining,* 231 Ala. 445, 165 So. 207.

■ It is clear from the above that it was encumbent upon the trial court to resolve a conflict in the testimony.

■ It is equally clear that in Alabama if there is any evidence to support the trial court's finding we must affirm. 2A Ala. Dig. *Appeal and Error* ⊙1008 et seq.

The above principle of law is to be applied in cases of this nature. See *Handley v. Shaffer,* 177 Ala. 636, 59 So. 286; *Penney v. Speake,* 256 Ala. 359, 54 So.2d 709.

It is appropriate to quote what this court said in *American Home Building & Loan Ass'n v. Long,* 24 Ala.App. 34, 129 So. 793:

"To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of *Cobb v. Malone,* 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state." (24 Ala.App. at 36, 129 So. at 794)

The case of *Cobb v. Malone, supra,* was reaffirmed by the Supreme Court on September 25, 1975, in *Hubbard Bros. Construction Co. v. Halstead,* 294 Ala. 688, 321 So.2d 169.

As seen from the above, to wit, the testimony of the representative of the real estate agency and the ultimate buyer, there is evidence to support the learned trial judge's findings.

The judgment is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.