HOLMES, Judge.
The appellant-Lee was awarded a $9,673.20 judgment against appellee-Spe-cialty Construction Company, Inc. The judgment was rendered by the trial court after a hearing ore tenus. From this judgment Lee appeals.
Lee contends that the judgment should have been rendered against an individual, Robert Sanders, and that the amount of the judgment is inadequate. We disagree with these contentions and affirm.
The record reveals the following : Consolidated Kinetics Corporation sued Specialty Construction Company, Inc., Robert Sanders et al. for money alleged to be due Consolidated. The complaint consisted of three counts. One count was on an account, a second on an account stated, and a third was for goods sold and delivered. Specialty Construction et al. thereafter filed a counterclaim against Consolidated for breach of an agreement. Specialty Construction also filed a third party complaint against Lee Associates, Inc., for breach of an agreement; and Lee Associates filed a counterclaim against Specialty Construction Company, Sanders et al. Lee’s counterclaim contained the same counts and covered the same subject matter as Consolidated’s complaint.
Consolidated’s complaint and Lee’s counterclaim against Specialty Construction et al., as both were based on the same transaction, claimed the identical sum of $15,-649.20. Likewise, Specialty Construction Company et al.’s counterclaim against Consolidated and its third party complaint against Lee were premised on the same transaction and, accordingly, sought an identical amount from both parties, to wit, $6,537.60. The judgment appealed from by Lee was for $9,673.20. As noted earlier, this judgment was in Lee’s favor and against Specialty Construction Company, Inc.
Able counsel for Lee’s first argument in his brief is that the trial court erred to reversal in failing to award Lee a judgment against Robert Sanders individually, as opposed to Specialty Construction Company, Inc., a corporation.
Specifically, Lee contends that the evidence shows that Lee was not made aware that it (Lee) was dealing with a corporation. Specialty Construction Company contends otherwise.
We have carefully reviewed the record in this ease. We do not deem it necessary to set out the evidence in detail. Suffice it to say that Lee supplied Specialty Construction Company with material used by Specialty. Lee contends that Specialty did not pay for these supplies. Specialty contends that Lee did not deliver the goods as promised and that such action caused Specialty to suffer certain damages. The testimony *152 consists of less than forty pages of transcript and there is scant evidence regarding the business relationship between the parties. The evidence presented by Lee tends to show Lee was dealing with Sanders as an individual. Specialty’s evidence tends to show Sanders was the president of Specialty Construction and that Lee was aware that it was dealing with a corporation and not with Sanders as an individual.
It is clear from the above that it was incumbent upon the trial court to resolve an apparent conflict in the testimony.
It is appropriate to quote what this court said in American Home Building & Loan Association v. Long, 24 Ala.App. 34, 129 So. 793:
“To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state.” (24 Ala.App. at 36, 129 So. at 794)
The case of Cobb v. Malone, supra, was reaffirmed by the Supreme Court of Alabama on September 24, 1975, in Hubbard Bros. Construction Co., Inc. v. G. F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169.
We therefore find no error in regard to the above.
Lee lastly urges error in that the amount of the judgment is insufficient. Specifically, the appellant-Lee argues that the amount of the judgment, to wit, $9,673.20, cannot be arrived at by any precise mathematical formula.
It is obvious to this court that the trial court in arriving at the amount of the judgment considered and allowed Specialty Construction Company’s claim of damages against Lee. The claim by Lee against Specialty was for $15,000 plus; the claim by Specialty against Lee was for $6,000 plus. The evidence adduced by Specialty as to the amount of its damages was $6,000 plus; however, this is not an exact figure as there was testimony that Specialty’s loss of profits as a result of Lee’s action was greatly in excess of $6,000.
In any event, in this instance, where the amount of damages in uncertain, their assessment must be for the trier of facts. Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565; Worthington v. Cleveland Lumber Co., 16 Ala.App. 614, 80 So. 688. In view of the testimony noted above, we find no abuse by the trial court in regard to the amount of its judgment even though we cannot presently determine how the trial court arrived at the amount of the judgment.
The case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.