WRIGHT, Presiding Judge.
This is an action for breach of contract.
Defendant, Mid-State Homes, Inc. is the financing agency for Jim Walter Homes. Jim Walter Homes is a corporation which sells shell houses. Plaintiffs learned that Mid-State Homes had repossessed an unfinished shell house located in Crenshaw County, Alabama, and was offering it for sale. They contacted the sales representative for Mid-State at his office in Montgomery.
They were informed of the conditions of the sale of the house and signed an instrument entitled an “agreement for deed.” They gave the sales representative three hundred dollars as down payment. The instrument which the plaintiffs signed stated on its face that its terms were subject to the approval of Herb Clarkson. The Mid-State representative told plaintiff that the agreement would have to be forwarded to Tampa, Florida and signed and approved by Clarkson. The original instrument was dated December 31, 1976. It, together with the down payment, was forwardedt to Tampa. Upon examination there it was determined to contain errors. A corrected instrument, still containing the proviso of approval by Clarkson, was sent to the Montgomery representative. He secured plaintiffs’ signatures on February 12, 1977 and returned it to Tampa.
According to plaintiffs’ testimony, the representative of defendant told them he was sure the sale would go through and approved their request to make repairs and improvements to the house while awaiting the approval of the sale by Clarkson. Acting on such alleged assurance, plaintiffs did make improvements and performed labor on the house. They established that they had expended some $1,000 for work and materials on the improvements.
On March 5, 1977, plaintiffs attempted to make the first scheduled payment on the house. They were informed that the prior owner was trying to pick up his payments and no more money could be accepted until the problem was straightened out. A few days thereafter the house was destroyed by fire. Plaintiffs’ down payment was returned to them. Their demand made by counsel for payment of the cost of the labor and materials they put in the house was refused.
Plaintiffs brought suit for breach of contract. Trial was for breach of contract. The court’s only charge to the jury was on the law of contracts and their breach. The allegations of the complaint are that plaintiffs entered into a contract with defendants for the purchase of a house and after entering the contract they made improvements to the house upon the representation by the agent that it would be safe to do so; after making the improvements, defendants refused to convey the property and defendants lost their labor and materials.
*403 The theory of plaintiff’s case may have been made evident to the jury by opening and closing statements of counsel, but it is not very clear from the transcript of the evidence and the court’s charge. We have stated that the complaint alleges a contract for the sale of a house. However, it also alleges that' after entering the contract, they were led to believe by defendant’s agent that it would be safe to make improvements on the property and that they lost the improvements because the contract of sale was breached by a failure to convey. They claim a right to recover the cost of their labor and materials. Thus the complaint contains allegations of breach of contract, misrepresentation and unjust enrichment by improvements to real estate. Plaintiffs’ brief on appeal discloses that the theory relied on was an oral contract between plaintiffs and defendant’s sales representative that it would be safe for plaintiffs to enter on the land and make whatever improvements they wished. Plaintiffs contend that the representative had apparent authority to make such a contract.
We have carefully examined the evidence and discern no authority, apparent or otherwise, shown to have been possessed by the sales representative to enter into such a contract as that claimed by plaintiffs. The record is very clear that the representative expressly was without authority to execute a contract of sale of the property. That authority was expressly reserved to Herb Clarkson of the Tampa office by the written contract signed by plaintiffs. They stated they were aware of that provision in the contract. The evidence is undisputed that the contract to purchase the house alleged in the complaint was never executed by defendant. The complaint itself alleges the contract stated the sale was subject to the approval of Clarkson. The complaint further says that in spite of the statement in the contract requiring its approval by Clarkson, plaintiffs were assured by defendant’s agent that they could make improvements with safety and they did make improvements. The evidence of plaintiffs followed these allegations:
There was alleged only one contract between plaintiffs and defendant. Its existence was then nullified by proof that it required the approval of Clarkson. The assurances of safety to make improvements by the agent was not a contract. If plaintiffs’ testimony as to such assurance is true, it amounts only to a representation or opinion by the agent which plaintiffs acted upon to make improvements upon defendant’s property. The essence of the assurance was that the agent was sure that the contract would be approved by Clarkson, the sale consummated and the property become that of plaintiffs. There was no real authority in the agent to make such an assurance. It was directly opposed to the subjection stated on the face of the contract. An agent cannot negative by his own representation the express restriction of his authority known to the third party. Fulton v. Sword Medicine Co., 145 Ala. 331, 40 So. 393 (1906).
The evidence discloses no apparent authority. Apparent authority cannot come from the acts or declarations of the agent but arises from the action or declaration of the principal disclosed to the plaintiff. Wood v. Holiday Inns, Inc., 508 F.2d 167 (5th Cir. 1975); Automotive Acceptance Corp. v. Powell, 45 Ala.App. 596, 234 So.2d 593 (1970).
There being no evidence to support the existence of a contract between plaintiffs and defendant, either express or oral, there could be no recovery for a breach thereof. Therefore, defendant was due the affirmative charge.
Whether plaintiffs may have a right to compensation for the improvements under the equitable principle of enhancement of another’s property through fraud or mistake was not involved in the trial of this suit at law. Such action invokes the equity powers of the court and is not for a jury. Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972). We review a case only upon the theory under which it was tried. Vulcraft, Inc. v. Wilbanks, 54 Ala.App. 393, 309 So.2d 105 (1975).
*404 Defendant also raises the issue that the evidence fails to support the verdict which awarded $2,000 as damages. Defendant is correct. The measure of damages for a breach of contract is to restore the status quo. Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623 (Ala.1976); Hover v. Kirk, 56 Ala.App. 257, 321 So.2d 214 (1975). The loss of labor and materials shown to have gone into the improvements was $1,018.85. No further amounts were proved. The value of enhancement to the property was not shown. The amount of the verdict was excessive under the proof.
The question of what is to be done with the check for the $300 deposit which was refunded to plaintiffs but was introduced by them into the evidence is not an issue on appeal. The question is properly for the trial court.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.