HOLMES, Judge.
The Circuit Court of Shelby County, sitting without a jury, awarded appellants $1,000 for damages arising from the purchase of a defective mobile home. The appellants appeal.
Initially, Anniston Federal Savings and Loan Association filed suit against the appellants, alleging wrongful detention of a mobile home and nonpayment of loan in-, stallments. An application- for a writ of seizure was filed contemporaneously with the complaint. The appellants answered the complaint and filed a third party complaint against the appellee. The case was tried in August, 1974, on the issue of the writ of seizure and in June, 1976, and August, 1977, on the merits of the third party complaint. A judgment was rendered by the court in August, 1977, wherein the original complaint filed by Anniston Federal Savings and Loan Association was dismissed without prejudice. Additionally, a judgment was entered in favor of the appellants on its third party complaint awarding $1,000 as damages.
The appellants contend the trial court erred to reversal in that recission of the purchase contract is the proper remedy for relief in this situation. Secondly, appellants allege error by the trial court in its award of damages. Specifically, they contend such damages are inadequate. We determine that these are the dispositive issues on appeal. We disagree and affirm.
The record reveals the following pertinent facts:
The appellants purchased a mobile home from Ingram Mobile Homes in May, 1973. The mobile home was manufactured by the appellee. Appellants visited the appellee’s manufacturing plant to observe the method of construction of the mobile home and to select the home’s interior design. Suffice it to say that from the time the home was delivered to the retail sales lot, appellants complained to appellee concerning the furniture supplied with the mobile home. There were also complaints concerning defects in the bedrooms, bathrooms and living room.
Repairmen attempted to correct the defects but the repairs were not acceptable to the appellants. Thereafter, appellant-plaintiffs filed the third party complaint which is the basis of this appeal, alleging breach of warranty of habitability and seeking relief in the form of damages. This action was partially litigated in June, 1976. At that time, the trial judge spent considerable time in viewing and examining the mobile home on appellant’s premises.
After the trial court viewed the mobile home, appellants and appellee entered into an agreement to complete the repairs to the home. These repairs were unsatisfactory to the appellants and the case was then reset for completion of the litigation in August, 1977.
At the conclusion of the lawsuit in August of 1977, the trial court, after viewing the mobile home and taking into consideration sums expended by the appellee in attempting to repair the home, awarded appellants $1,000 as damages. The damages were based on the defective nature of the home. The appellants appealed.
At the outset, appellants contend the trial court should have awarded recission of the purchase agreement as the remedy in this case. However, as noted above, the appellants’ third party complaint was based on the breach of a warranty of habitability and sought relief in the form of damages.
Furthermore, we would note the following exchange between the parties, as reflected by the record, at the June, 1976, hearing:[1]
“MR. BROWN: Your Honor, it is my understanding, from the complaint, that a decision is not being asked for, but that damages are being asked for and, if they are not saying that they are also asking *1005 for an alternative relief, we would object to them, at this point, asking for an alternative relief decision without the presence of Anniston Federal. It seems to me, that the third party complaint could go on, if we are just talking about damages.
“THE COURT: Yes, sir, I tend to agree with you.
“MR. JOHNSON: We have no objection.
“THE COURT: All right, let the record show that the Third Party Plaintiffs or the Third Party Defendant has no objection to proceeding on the pleadings, as filed in this case without the Plaintiff present. . . . ” [Emphasis supplied.]
It is clear to this court as revealed by the record, that the appellants proceeded under a theory of warranty of habitability at the trial level and sought damages as relief. Appellants contend on appeal that the trial court should have granted recission as the relief in this instance.
It is the law in Alabama that a case will not be reviewed in the appellate court on a theory different from that on which it was tried below. See Vulcraft, Inc. v. Wilbanks, 54 Ala.App. 393, 309 So.2d 105 (1975). As noted above, the present case was tried below on the theory of a breach of warranty of habitability. This in itself precludes any review on a theory of recission due to the fact that it is a different theory from that proceeded on below.
Appellants’ second contention alleges error in the trial court’s award of damages. As noted above, the court awarded $1,000 as damages due to the defective nature of the mobile home. Appellants argue that such damages are inadequate.
An award of damages will not be disturbed on appeal unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. See King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495 (1970). Furthermore, the fact that the trial judge made a personal inspection of the premises is an additional reason for reviewing the decree as if it were a verdict of a jury and will not be reversed unless plainly erroneous. See Daugherty v. Gulf Shores Motel, Inc., 292 Ala. 252, 292 So.2d 454 (1974).
In the present case, we cannot say that the award of damages is wrong and unjust so as to be considered plainly erroneous. In fact, our review of the record reveals little if any testimony regarding the actual amount of damages.
In view of the fact that the trial judge personally inspected the premises, this court will assume that the judge made those findings which will support the decree. See Daugherty v. Gulf Shores Motel, Inc., supra. The record reveals, and we so hold, that there is credible evidence to fairly support the trial court’s decree.
The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. This proceeding was for the purpose of hearing the appellants’ third party complaint.