HOLMES, Judge.
This is an action for damages.
Plaintiff filed a complaint for the return of livestock. Defendant counterclaimed for damages occasioned by the trespass of the animals and for the cost of keeping them. After an ore terns hearing, a judgment for $500 was awarded defendant on his counterclaim. Plaintiff appeals.
The dispositive issue on appeal is whether the judgment is supported by the evidence. We hold it is and affirm.
The record reveals the following: Plaintiff’s cows trespassed on defendant’s land and damaged his soy beans. Defendant employed a person to capture the animals. After looking for plaintiff for several days, defendant located him and demanded $400 for the return of the cows. Plaintiff refused. Defendant kept and fed the animals for forty-eight days.
Plaintiff sued defendant for the return of the animals and defendant counterclaimed for damages. At trial, defendant testified that the $400 demand was reasonable in that damages to his bean crop, the cost of hired labor, and lost time from his farming operation exceeded $400. In addition, defendant introduced evidence which showed that the cost of maintaining the cows for forty-eight days was approximately $240.
*364 Plaintiff maintains that defendant’s initial demand of $400 was excessive and because it was exorbitant, plaintiff’s refusal to pay was justified. From this plaintiff argues that defendant is entitled to neither the $400 demand, nor the subsequent costs of maintaining the animals. We do not agree.
The law of Alabama provides alternative means by which an owner of trespassing livestock may pay damages and recover possession of his animals when they have been seized. Under § 3-5-12, Code of Ala.1975, the owner can settle the dispute, pay the seizor actual damages for trespass and maintenance of the livestock, and recover the livestock. Pursuant to § 3-5-12(a), if the parties cannot agree on fair compensation, the owner can pay such compensation into court prior to initiation of a lawsuit for its recovery, and if it is found at trial' that fair compensation was offered the seizor, the owner is not liable for damages which occur after payment into court. Finally, under § 3-5-12, an owner is entitled to possession after he pays such damages as are proven at trial and awarded the seizor.
 In the instant case, plaintiff refused to pay defendant anything, notwithstanding the fact that defendant’s evidence amply supports the conclusion that the initial $400 demand was fair and reasonable. Furthermore, plaintiff refused or failed to tender into court that sum which, in his opinion, should have been fair compensation. Thus, defendant was entitled to recover the cost of maintaining the livestock after their capture, the cost of capture and damages for trespass, and in this regard, there is ample evidence to support the award.
It is clear in Alabama that if there is any evidence to support the trial court’s finding, we must affirm. 2A Ala. Digest Appeal & Error <s=> 1010.1(3) et seq. It is appropriate to quote what the Court of Appeals of Alabama said in American Home Building & Loan Ass’n v. Long, 24 Ala.App. 34, 36, 129 So. 793, 794-95 (1930):
To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state.
The judgment of the court below is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.