HOLMES, Judge.
The plaintiff sued the defendant for defendant’s failure to pay for the construction of a house. The defendant counterclaimed, alleging the house was not completed per the parties’ agreement.
After an ore tenus hearing the trial court entered judgment for the plaintiff on his claim in the amount of $6,750. The trial court also entered judgment for defendant on his counterclaim in the amount of $1,200.
The defendant, through able and distinguished counsel, appeals, contending the trial court’s action is contrary to the great weight and preponderance of the evidence. We find the evidence supports the trial court’s action and affirm.
It is axiomatic that conclusions and the decree rendered by the lower court when the case is heard ore tenus have the force and effect of a jury verdict and cannot be disturbed by an appellate court unless palpably wrong. Thompson v. Mitchell, 337 So.2d 1317 (Ala.1976); 2A Ala. Digest Appeal & Error key 1008.1(1).
This court has carefully reviewed the record in this case. We do not deem it necessary or prudent to set out in detail the supporting facts.
We do note the following supportive of the trial court’s decree.
The plaintiff’s amended complaint demanded judgment in the amount of $6,750. There is evidence as revealed by the record that the plaintiff incurred expenses in the construction of defendant’s home of over $11,200. There is further evidence that the defendant only paid to plaintiff approximately $4,400.
This evidence alone is, to this court, supportive of the trial court’s judgment in favor of the plaintiff.
While the evidence regarding the counterclaim is not a paragon of clarity there is evidence that the defendant incurred approximately $1,210 of expenses due to faulty workmanship on the part of plaintiff. However, there is some evidence that this figure would not exceed $800. In any event, in view of the above, we find the $1,200 judgment on the counterclaim to be supported by the evidence.
We would be remiss in not commenting, in deference to able counsel’s contention as contained in his excellent brief, that there is evidence which would support different results and amounts than those found by the learned trial court. However, it is incumbent upon the trial court to resolve conflicting and confusing testimony. Hover v. Whittaker-Warren Agency, 56 Ala.App. 255, 321 So.2d 213 (1975).
Without, hopefully, unduly lengthening this opinion we quote the following from Hover v. Whittaker-Warren Agency, supra, 321 So.2d at 214:
It is appropriate to quote what this court said in American Home Building & Loan Ass’n v. Long, 24 Ala.App. 34, 129 So. 793:
“To hold in line with the contention of appellant would in effect necessitate a ruling by this court that the judgment so rendered is manifestly and palpably against the evidence in this case, and that the preponderance of the evidence is decidedly adverse to the judgment pronounced and entered. This *73 we cannot do under the general and well-settled principle of law that the verdict of a jury, or judgment by the court upon a trial without the intervention of a jury, should not be disturbed unless the adjudication reached below is far afield from the evidence and the law applicable thereto. A rule of this import is declared in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738. The rule therein stated has been approved and followed by innumerable decisions of the appellate courts of this state.”

The case of Cobb v. Malone, supra, was reaffirmed by the Supreme Court on September 25, 1975, in Hubbard Bros. Construction Co. v. Halstead, 294 Ala. 688, 321 So.2d 169. (Emphasis supplied.)
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.