HOLMES, Judge.
This is a termination of employment case.
The Chief of Police of Tuskegee, Alabama, terminated the employment of the police officer, and after a hearing on the merits, the Tuskegee City Council upheld the termination.
The officer brought an action against the city in the Circuit Court of Macon County. The trial court ordered a trial de novo on the merits of the officer’s dismissal, and the city petitioned the Supreme Court of Alabama for a writ of prohibition to pre *145 vent the trial court from proceeding to a disposition of the case on the merits.
The supreme court granted the writ and remanded the case back to the circuit court with instructions to review the record of the dismissal proceedings for proper application of law and adequate evidence. After a review of the record, the circuit court affirmed the council’s termination of the officer’s employment.
From this decision the officer appeals, contending that the trial court erred in affirming the council’s decision because the determination was not supported by legal evidence and that the proper procedural process was not followed. We disagree and affirm.
The facts in pertinent part are that the police officer was an employee of the city of Tuskegee.
There was conflicting evidence that the police officer, while on vacation, telephoned Mr. A.C. Bulls and informed him that he was under investigation for “fencing” stolen property. There was also testimony that the officer warned Mr. Bulls that there would be a “police raid” on his residence.
On August 26, 1981, after an investigation, the city police chief notified the police officer that his employment was suspended and requested his resignation because of “conduct unbecoming an officer.” The next day the officer was notified that his employment was terminated.
The officer requested a hearing before the city council, and after a hearing on the merits, the council upheld the termination.
The police officer then filed an action in the circuit court, claiming that he was wrongfully dismissed. Later, the circuit court determined that the officer did not receive a fair hearing and ordered a trial de novo.
As indicated, the city of Tuskegee petitioned the supreme court for a writ of prohibition to restrain the trial court from conducting a trial on the merits because of a lack of jurisdiction. The writ was granted in Ex Parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984), in which the supreme court remanded the case and directed the trial court to “review the record of the dismissal proceeding to determine whether the law, substantive and procedural, was properly applied, and whether the ruling complained of by plaintiff was supported by legal evidence.”
On remand, the trial court affirmed the council’s decision dismissing the officer.
As stated, the officer first contends the trial court erred in affirming the council’s decision because that decision was based on illegal evidence.
The officer claims that the only evidence to support his termination was inadmissible hearsay evidence offered by several witnesses. However, there was admissible evidence offered by the city police chief that the officer did admit to the police chief that he had made the call to Mr. Bulls, warning him of the impending “raid.” Additionally, the officer had an opportunity to cross-examine the witness concerning this admission.
Although the officer denied making this admission, it is the duty of the trier of fact, in this instance, the city council, to resolve a conflict in testimony. Hover v. Whittaker-Warren Agency, 56 Ala.App. 255, 321 So.2d 213 (1975). A reviewing court cannot substitute its judgment for that of the trier of fact. McPherson v. Everett, 277 Ala. 519,172 So.2d 784 (1965).
Because there was evidence of an admission that was offered to support the termination of the officer’s employment, we cannot say that the council’s decision was based on inadmissible evidence. See C. Gamble, McElroy’s Alabama Evidence § 180.01(4) (3d ed. 1977).
Put another way, there was legal evidence to support the council’s determination, and the trial court did not err in affirming that decision.
*146 The officer further contends that the officer’s procedural rights were violated because he was not given a hearing before a police review board.
We note here that the officer was given a written notice of the charge against him, that he requested a hearing before the council, that he was represented by counsel at the hearing, that the city council was authorized to hold such a hearing, and that the council unanimously upheld the dismissal of the officer.
At no time during the proceedings did the officer object to the hearing procedure. Issues not raised below may not be considered for the first time on appeal by a reviewing court. Whitworth v. Dodd, 435 So.2d 1305 (Ala.Civ.App.1983). Therefore, we find no merit in this contention.
Concluding, we would be remiss in not stating that we are at a loss to understand certain comments made by the trial court in its order affirming the council’s decision.
The trial court stated that the supreme court placed “blinders” on the circuit court and that the only evidence to support the council’s decision was “patently hearsay evidence.”
The supreme court in no manner instructed the trial court to affirm the council’s determination, but instead instructed the trial court to review the dismissal proceedings to determine if the proper law was applied and if the decision was supported by legal evidence.
As we have stated, there was legal evidence to support the council’s decision. However, if the trial court was of the opinion that the decision was based on “patently hearsay evidence,” even if its opinion was not correct, then the trial court had a duty to take appropriate action.
In any event, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.