HOLMES, Judge.
This is a breach of a lease case.
The plaintiff sued the defendant for nonpayment of rent due under a lease. The Circuit Court of Montgomery County, sitting without a jury, awarded to the lessor’s estate (plaintiff) an amount of $6,800 as unpaid rent. The trial court also awarded $1,020 to the plaintiff as attorney’s fees. From this decision the lessee (defendant) appeals and we affirm.
The defendant contends that the lease agreement was terminated and, therefore, the trial court erred in finding that rent was due. The defendant also contends that the trial court erred in calculating the balance due from the lease.
Viewing the record with the attendant presumptions accorded the trial court, the pertinent facts are that the lessor leased property to the defendant for a term of five years. The lease began in August 1979 with a monthly rental of $500.
The lessor died before the lease expired, and Elizabeth Jenkins was authorized by the court to collect the rent due on the leased property.
In December 1982, the defendant paid $100 in rent and, apparently, abandoned the leased premises. Under the terms of the lease, the lessor has the option to “take possession of the leased premises and to let the same as the agent of the Lessee and apply the proceeds received from such letting towards the payment of the rent due by Lessee under this lease and such re-entering and re-letting shall not discharge the Lessee from liability for rent .... ”
*1294 As stated, the defendant contends that Miss Jenkins effectively terminated the lease after December 1982 and his only liability should be the $400 for December rent.
There was, however, evidence presented at the trial that Miss Jenkins did not release the defendant from the lease obligation and, furthermore, that she did not have the authority to do so.
In the absence of an expressed termination of a lease by a lessor, whether or not a lease has been terminated is basically a question of fact. McClure v. Daniel, 45 Ala.App. 558, 233 So.2d 500 (Ala.Civ.App.1970).
When there is a conflict in evidence presented at trial, it becomes the duty of the trier of fact, in this case the trial court, to reconcile such conflict. Hover v. Kirk, 56 Ala.App. 257, 321 So.2d 214 (1975).
In addition, if there is competent evidence to support the trial court’s factual findings, this court must affirm. Art Belew Chevrolet, Inc. v. State ex rel. Harris, 424 So.2d 626 (Ala.Civ.App.1982).
Because there was evidence presented at trial that the lease agreement was not terminated, we cannot say that the trial court erred in awarding to the plaintiff the unpaid balance of the entire lease.
Additionally, the defendant contends that the trial court erred in calculating the balance due in rent from the lease.
There was evidence that the total unpaid amount on the lease agreement was $9,900. A total credit of $3,100 was subtracted from this amount because of rent collected from other lessees of the property and because the property was destroyed three months before the lease expired.
Clearly, in view of the above evidence, the trial court did not err in awarding $6,800 as the unpaid balance from the lease.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.